## Madisonville, Hartford & Eastern Railroad Company v. Allen.

(Decided March 11, 1913.)

### Appeal from Muhlenberg Circuit Court.

1. Trial—Continuance—Discretion in Granting.—The trial court has a large discretion in granting or refusing a continuance on account of the absence of witnesses when an affidavit containing what they would state if present is permitted to be read as their deposition, and the ruling of the trial court in refusing a continuance will not be interfered with unless it affirmatively appears that the substantial rights of the party asking a continuance were prejudiced by the failure to grant it.

2. Trial—Improper Argument of Counsel in Reference to Affidavit for Continuance.—Where a continuance is refused, but it is agreed that an affidavit of what the absent witnesses would say may be read as their deposition, the affidavit should be treated by the court, the counsel, and the jury as the deposition of the absent witnesses, and it may be commented on as such, but it is highly improper for counsel to refer to it in argument as the affidavit of opposing counsel.

BROWDER & BROWDER, BENJ. D. WARFIELD and CHARLES H. MOORMAN for appellant.

W. J. ROSS, MILTON CLARK for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellee, Allen, brought this suit against the appellant company, charging in substance that in the erection of a bridge by it across Pond River, a navigable stream, it placed in the river a number of piles between the piers of the bridge, which piles extended above the water mark and obstructed the navigation of the river; that while the piles were thus obstructing navigation, a large raft of logs he was floating down the river came in

contact with these poles and the accumulation of drift, and as a result a number of his logs were lost, and in addition he was put to a large expense in clearing away the drift to make a passage for the logs. He asked judgment against the company for $446.75. A number of defenses were set up by the company in its answer, and upon a trial a judgment was rendered in favor of appellee for $350.

A reversal of this judgment is asked (1) because the trial court refused to grant a continuance, and (2) for misconduct of counsel for appellee in the argument of the case before the jury.

When the case was called for trial on April 15, 1912, the appellant, by its counsel, filed an affidavit for a continuance in which it was averred that on April 2 the case was set down for trial on April 15, and that immediately thereafter he caused to be issued subpoenas to Todd County for six witnesses who lived within twenty miles of the court house where the case was pending, and a subpoena for four witnesses who lived in Muhlenberg County; that these subpoenas were placed in the hands of the sheriffs of Todd and Muhlenberg counties, but for some reason unknown were not executed on any of the witnesses.

The affidavit further averred that the witnesses were personally requested to attend and were advised that all of their expenses, including lost time, would be paid; that only two of the ten witnesses for whom subpoenas were issued were present, and that it could prove by the eight absent witnesses "that they were present at the bridge mentioned in the petition at the time plaintiff Allen made his run of logs under the bridge, and that that is the same time complained of in the petition when plaintiff claims to have lost the logs set up in the petition. All of said witnesses will state, and same will be true, that the water in said river at said place was so high that same was from five to six feet higher than the top of the piles referred to in the petition, and that said piles could not and did not in any way, or to any extent, interfere with log navigation at said point and did not in any way, or to any extent, stop said logs or hold same back, or come in contact with them, but that all of said logs passed over said piles and under said bridge without in any way being obstructed, impeded or affected in any manner by said piles; that all of said witnesses will

state, and same will be true when stated, that they were there present, and that the said plaintiff was not required to and did not expend $56.75, or any other sum for labor in clearing out said bridge, and was not required to and did not employ any laborers or persons to do any work whatever in clearing out said bridge, for the reason, as the witnesses will state, that said channel was free and clear of any obstructions whatever; that when the plaintiff's logs were navigated down said Pond River and reached said bridge, each and all of them passed under said bridge and over said piles just as rafted by the plaintiff and without the loss of a single log."

This affidavit was accompanied by the affidavit of counsel that the just and proper effect of the evidence of the absent witnesses could not in a reasonable degree be had without a personal examination in court. The trial court refused to grant the continuance, but permitted the affidavit to be read as the deposition of the absent witnesses. The result of the ruling of the trial court was that the appellant was forced to trial with only two of its ten witnesses present, and only these two present witnesses were introduced for it.

The testimony of the absent witnesses was very material for the appellant, as it covered every point in the case, and if the absent witnesses had testified, as it must be presumed they would, as set out in the affidavit, their evidence would have contradicted the evidence introduced in behalf of appellee upon every material issue in the case. In an effort to obtain the presence of these witnesses counsel for appellant exercised all the diligence required by the code. It does not appear that anything that could have been done was left undone to secure their attendance.

We have ruled in many cases that the question whether a continuance shall be granted to secure the attendance of absent witnesses whose statements are permitted to be read as evidence, is a question largely in the discretion of the trial court, and that unless it satisfactorily appears that this discretion has been abused, the ruling of the court in refusing a continuance will not be interferred with. It is also manifest that no rule of general application can be laid down for the guidance of the trial court in disposing of questions like this. The circumstances surrounding applications for continuance differ in almost every case, and so the reasons that would

be sufficient to warrant a continuance in one case would be inadequate to authorize it in another.

But the trial judge is on the ground. He has before him all the facts and circumstances, and it is therefore proper that to his sound discretion should be usually left without revision the question whether or not a continuance should be granted; but we not infrequently have cases before us in which it appears to us, after a careful consideration of the record, that the trial court should have granted a continuance, and that it was prejudicial error not to have done so, and this case, in our opinion, belongs to that class.

It is true that appellant had two witnesses present who testified substantially to the same facts that the eight absent witnesses would have testified to. But the appellee had four witnesses who gave evidence as to the condition of the piles, the value of the logs and the loss and expense appellee was put to; so that there were two witnesses testifying upon the one side and four upon the other, while if the absent witnesses had been present there would have been ten witnesses for appellant giving testimony as to one state of facts, and four witnesses for appellee testifying as to another and contradictory state of facts. And this condition, together with the fact that the record does not show that the appellant had theretofore asked a continuance on account of absent witnesses, and the further fact that it agreed in the affidavit to have the witnesses present at the next trial of the case, or else have their depositions, entitled it to a continuance.

In this connection there is another matter that should be noticed. It appears that in his argument to the jury counsel for appellee used the following language:

"What would be more natural? He tells you when he got down there, there was a drift lodge against the piling and that is how he lost his logs. Who else says that? Mr. Owens and Mr. Brashear. They tell you the same. They don't deny the piling being there. This suit has been in here two years, and there is a deposition considered read to you gentlemen in which it was shown that this construction company, who the court say are the agents of the railroad company, drove these pilings here, and the railroad company made no contention that they were not there, although they prove by Mr. Baggett they had been cut down in 1908. I say they make no contention that the piling is not there. If they are there is

there anything more reasonable in the world than for them to accumulate drift and if they accumulate drift is there anything more reasonable than that Mr. Allen suffered loss of logs, although Mr. Browder in his affidavit says he didn't. Mr. Browder is an expert in writing affidavits, and he goes out and writes a long affidavit to be read as the deposition of the absent witnesses, and he puts so much in that affidavit and so much that is ridiculous that we are forced to admit it in order to get a trial.''

When this argument was made the bill of exceptions shows ''that the defendant objected to the use of said language, and the court sustained said objection and excluded said matter from the consideration of the jury.'' We doubt, however, if this ruling of the court was sufficient under the circumstances. It was highly improper for counsel to have referred to the paper, which he consented might be read as the deposition of the absent witnesses, as the affidavit of Mr. Browder, who was counsel for appellant, or to have described the deposition by the statement that ''Mr. Browder is an expert, and he goes out and writes a long affidavit to be read as the deposition of the absent witnesses.'' Section 315 of the code provides that:

''A motion to postpone a trial on account of the absence of evidence can be made only upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it; and, if it be for an absent witness, the affidavit must show what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence; and that the affiant believes them to be true. If, thereupon, the adverse party will consent that, on the trial, the affidavit shall be read as the deposition of the absent witness, the trial shall not be postponed on account of his absence.''

And when an affidavit is permitted to be read as the deposition of the absent witness it should be treated by the court, by counsel, and by the jury as in truth the deposition of the absent witness, and as relating what the absent witness would have related if present in person. Of course counsel representing the adverse party has the right to criticize and comment on the statements in the affidavit in the same manner and to the same extent that he would have the right to criticize and comment on the testimony of the witness if it had been given in person to

the jury, or in the form of a deposition; but he has no right to treat the deposition in the form of an affidavit as the affidavit of counsel, or to leave the impression upon the jury that the statement of the absent witness read to them was not a statement of what he would say if present but merely a statement of the attorney.

The difference between the weight of a statement made by counsel as to what the witness would say, and the testimony of the witness is obvious, and when counsel for appellant undertook to weaken, if not destroy, the effect of the deposition as to what the absent witnesses would say by telling the jury that it was merely the affidavit of Mr. Browder, the court should have carefully instructed the jury verbally that the affidavit contained statements that it was admitted the absent witnesses would make if present, and that the affidavit should be treated by them as the deposition of the absent witnesses, and have the same force and effect as if the witnesses, personally, made the statements contained in the affidavit.

It is not necessary to express an opinion as to whether the improper conduct of counsel would of itself authorize a reversal of this case, as we think, for the reason stated, a new trial should be granted.

The judgment is reversed.