## Payne, Director General of Railroads, Agent v. Steers, Admrx.

(Decided October 24, 1922.)

### Appeal from Grant Circuit Court.

1. Continuance—Denial—Absence of Witnesses—Abuse of Discretion. —Under Civil Code of Practice, section 315, providing that a trial shall not be postponed because of the absence of a witness, if the affidavit shall be read as his evidence, there was no abuse of discretion in refusing a continuance on account of the absence of two witnesses where the defendant had five other witnesses present, and the evidence of the absent witnesses was merely cumulative, and the court permitted the affidavit to be read as their deposition.

2. Evidence—Action for Death—Evidence that Decedent Carried a Large Insurance Not Admissible on the Issue of Contributory Negligence.—In an action for death alleged to have been caused by the negligence of defendant, evidence that decedent carried $68,000.00 of insurance, $50,000.00 of which was taken out within three months prior to his death, was not admissible on the issue of contributory negligence.

3. Evidence—Relevancy to Issue.—In an action for death alleged to have been caused by the negligence of defendant, evidence that the decedent carried $68,000.00 of insurance, $50,000.00 of which was taken out within three months before his death, was not admissible in support of the theory of suicide, where the defense of suicide was not pleaded.

DEJARNETT & HARRISON for appellant.

DICKERSON & DICKERSON and O. S. HOGAN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

While driving an automobile along the Covington-Lexington pike, now known as the Dixie Highway, on the morning of July 10, 1919, John S. Steers was struck and killed and his automobile demolished by a Cincinnati,

New Orleans and Texas Pacific train then being operated by the Director General of Railroads. The accident occurred at a grade crossing about a half mile south of the depot at Dry Ridge. Basing her action on the failure of the train operatives to give the statutory signals of the approach of the train, and on the further fact that the crossing was unusually dangerous and such as to impose on the carrier the duty to provide other means to prevent injury to travelers, his administratrix brought suit to recover damages for his death and for the destruction of his automobile. There was a denial of negligence and a plea of contributory negligence. From a verdict and judgment in her favor in the sum of $10,400.00, the Director General appeals.

As it is not seriously contended that there was not sufficient evidence of negligence to take the case to the jury or to sustain the verdict, a review of the evidence is unnecessary.

The refusal of the trial court to grant a continuance on account of the absence of two witnesses is the first ground urged for reversal. It appears from the affidavit made in support of the motion for a continuance that Mrs. Ruby Williams, if present, would testify that she was standing on her back porch, which is immediately in the rear of the whistling post, and heard the train whistle for the crossing where decedent was struck, and that C. N. Conrad, a relative of the deceased, if present, would testify that he saw the approach of the train and heard it sound the crossing whistle about a quarter of a mile from the crossing. The affidavit further states that the fair effect of the testimony of these witnesses could not be had without their presence in the court. Upon the filing of the affidavit, counsel for plaintiff consented that the affidavit be read as the depositions of the absent witnesses, and thereupon the motion for a continuance was overruled. Section 315, Civil Code, is as follows:

"A motion to postpone the trial on account of the absence of evidence can be made only upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence had been used to obtain it; and, if it be for an absent witness, the affidavit must show what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence; and that the affiant believes them to be true. If thereupon the adverse party will consent that on the trial, the affidavit

shall be read as the deposition of the absent witness, the trial shall not be postponed on account of his absence.''

It will be observed that the Code provides that if the adverse party will consent that the affidavit shall be read as the deposition of the absent witness, the trial shall not be postponed on account of his absence, and it is only where the circumstances are exceptional, and a plain injustice has been done, that we are authorized to reverse a judgment where the trial court followed the Code. Bond-Jellico Coal Co. v. Murphy, 161 Ky. 450, 171 S. W. 160. A case where the refusal of a continuance was held prejudicial is Madisonville H. & E. R. Co. v. Allen, 152 Ky. 706, 154 S. W. 5, and the exceptional circumstances were that, out of ten witnesses for appellant, only two of them were present, while, on the same issues, appellee had four witnesses present. In the case at bar, however, appellant had present five witnesses, one of whom was not an employe, whose testimony was the same as that of the two witnesses who were absent. That being true, the majority of appellant's witnesses were present, and as the testimony of the two absent witnesses was merely cumulative, we cannot say that the trial court abused a sound discretion in refusing a continuance. Campbell v. Draher, 110 S. W. 353; Ky. Traction & Terminal Co. v. Waits, 167 Ky. 236, 180 S. W. 356.

Another error relied on was the exclusion of evidence that decedent carried $68,000.00 of insurance on his life, and of this $50,000.00 had been taken out within three months before his death. Clearly this evidence was not admissible on the issue of contributory negligence, as a man's conduct on a particular occasion cannot be determined by the amount of insurance he carries or the time he took the insurance out. But it is insisted that the evidence was admissible because it, together with other evidence, tended to show that decedent committed suicide. The weakness of this position lies in the fact that the defense of suicide was not pleaded, and that being true, the offered evidence was not relevant to any issue made by the pleadings, and was therefore properly rejected. Winlock v. Hardy, 4 Litt. 272; J. Zinmeister & Bro. v. Rock Island Canning Co., 145 Ky. 25, 139 S. W. 1068; 10 R. C. L. 925.

Judgment affirmed.