## Vincennes Bridge Company et al. v. Poulos.

(Decided March 15, 1929.)

J. W. CRAFT for appellants.

W. A. STANFILL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS
—Reversing.

Plaintiff Anastasia Poulos, is the owner of a four-story brick building at·the intersection of the water front and Main street in the city of Hazard. She acquired this property in the year 1921, and has since used it as a hotel and restaurant. The first floor is on a level with main street, there being a basement below and two additional stories above. The building proper is 40 by 70 feet. There is a center pier in the basement with wooden girders resting on it and the building walls; and the joists rest upon these girders. In the spring of 1927 a rise in the Kentucky river flooded the basement and the first floor. Upon its subsidence a sediment was left in the basement to the depth of 3 feet and on the first floor to the depth of 18 inches. This, however, was removed and the building cleaned without apparent damage. In the late summer or fall of that year the Vincennes Bridge

Company, with L. O. Roberts as its foreman, rebuilt the piers and reconstructed the highway bridge across the Kentucky river at this point. The bridge is a continuation of Main street, and its abutment is in close proximity to the Poulos building, while the center pier of the bridge is not far distant. Considerable blasting was done in excavation. Mrs. Poulos claims that the blasting was negligently performed and the charges unnecessarily heavy. This blasting caused quantities of stone and debris to be showered upon her building, injuring the windows and plate glass front and driving away her lodgers and the patrons of her restaurant. Also, by reason of the unusual and unnecessarily heavy blasts thus discharged the foundations, walls, and piers of her building were shaken and the pier in her basement caused to settle and the girders therein caused to sag, and the entire building almost destroyed. Alleging such to be the facts Mrs. Poulos sued both the company and Roberts to recover $7,000 in damages. Defendants traversed the allegations of the petition. On trial plaintiff was awarded $5,000 in damages, and defendants appeal.

Defendants asked for a continuance on account of the absence of Mason Edwards, who had been duly summoned but who was unable to attend on account of injuries received in an auto accident; and filed an affidavit of their counsel containing an elaborate statement of Edwards' testimony. It was to the effect that Edwards was a carpenter and had made repairs on the Poulos building on several different occasions; that he would say that the upper doors had sagged as much as an inch caused by the settling of the building some three or four years before the blasting; he had also examined the building after the 1927 flood and before the blasting; the first floor had then settled as much as 4½ or 5 inches; that the walls were cracked, it being in practically the same condition then as it now is. The settling was caused by the wooden girders having insufficient strength to maintain the weight of the building, especially the added weight caused by the sediment of the 1927 flood. Poulos had talked to him previously in reference to having it jacked up and the floors raised, but he had advised against it; he was present during the blasting and knows that it was not sufficiently heavy to cause the damage to the building. It was further stated that this proof could not be made by any other witness, and the full effect of it could not be obtained except by an oral examination of Edwards

in court. By the accompanying affidavit of a physician it was shown that Edwards would be able to attend at the succeeding term of court. Appellee agreed that the affidavit might be read as Edwards' deposition, whereupon the court overruled the motion for a continuance.

Plaintiff's theory of the case is as outlined above and is fully supported by her husband's testimony. He, in addition to describing the character of blasts and the injury occasioned thereby, also testified that he complained to the defendant's foreman and to its manager in reference to the matter, but without avail. A number of men employed by the defendants testified that the blasting was unnecessarily heavy, while appellant's lodgers testified that by reason of the concussion from the blasts and the showering of stone and other debris they were compelled to remove their quarters and have since remained away. There was also evidence that the restaurant trade was practically ruined. An engineer and architect who examined the premises on several occasions testified that after the blasting some of the walls were cracked, and the center pier, which rests on solid rock, had settled, causing the girder resting upon it to sag 4½ or 5 inches, with consequent damage to the entire building which would cost $5,000 to repair. He also had been over the building after the flood and shortly before the blasting began, and at that time the settling had not occurred, though it would have occurred within that period if caused by the flood waters.

It thus appears that defendant's theory of the case is that the damage was caused by the sediment left by the flood waters and insufficient strength of the girders; but the only evidence introduced on this point was contained in the above affidavit read as the deposition of Edwards. Other witnesses testify that the blasting was not unnecessarily heavy or severe and that the concussion was not sufficient to cause the damage claimed by plaintiff.

The principal ground urged for reversal is that the court erred in overruling defendant's motion for a continuance. As to this, section 315 of the Civil Code of Practice provides:

"A motion to postpone a trial on account of the absence of evidence can be made only upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence has been used to

obtain it; and, if it be for an absent witness, the affidavit must show what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence; and that the affiant believes them to be true. If, thereupon, the adverse party will consent that, on the trial, the affidavit shall be read as the deposition of the absent witness, the trial shall not be postponed on account of his absence.''

In passing upon motions of this character a wide discretion is vested in the trial judge, and unless that discretion is abused and the ruling results in manifest injustice it will not be reversed by the appellate court. Payne v. Steers, 197 Ky. 339, 247 S. W. 1; 6 R. C. L. p. 556, sec. 14. But an erroneous ruling resulting in such prejudice authorizes a reversal. Theodore R. Troendle Coal Co. v. R. Morgan Coal, Coke & Mining Co. (Ky.) 114 S. W. 312; Langdon-Creasy Co. v. Rouse, 139 Ky. 647, 72 S. W. 1113, 24 Ky. Law Rep. 2095, Ann. Cas. 1912B, 292; Madisonville, H. & E. R. Co. v. Allen, 152 Ky. 706, 154 S. W. 5.

In the Allen case only two of ten witnesses for appellant were present, while on the same issues appellee had four witnesses present. It was held error to refuse appellant a continuance. In the Langdon case, one of the parties was in attendance at the bedside of his sick mother at the time of trial. It was held error to refuse a continuance on account of his absence, the court saying: ''It is apparent that the presence of appellant before the jury to explain these facts would have been very much more effectual than the mere affidavit of his attorney.''

The Troendle case was tried in Christian county. Edmonds, a resident of that county, was subpœnaed in Louisville, Jefferson county, in ample time to attend, but was sick at the time of the trial. Counsel filed affidavit for a continuance on account of his absence. The adverse party agreed for this to be read as his deposition, and the motion was overruled. This court said: ''We think that defendant was entitled to a continuance on account of the absence of Edmonds. Edmonds was a resident of Christian county, in which the case was pending, and it appears was in Louisville because of his sickness when the trial took place. . . . It is fair to assume from the affidavits that, except for his illness, he would have been present; and from an examination of the issues we

conclude that his testimony would be material and important to the defendant, if he made the statements counsel in his affidavit said he believed he would.''

It appears that this was the first continuance asked in this case. It also appears from the affidavit of the physician that Edwards had been injured but a few days before; that he was unable to attend at the time of the trial and should be able to be present at the trial at the next term of court, which began within one month. It further appears that the evidence of Edwards was not only important and material but that he was the only one whom defendant could introduce on a number of material issues. Clearly, appellant was entitled to his personal presence if this could be reasonably secured, and for this reason the case must be reversed.

Objection is made that appellant's laborers laughed and made sportive remarks regarding appellee's fright at the time the blasts were being discharged. This evidence is incompetent and should not be admitted on another trial. It is urged that the court erred in overruling the motion for a peremptory instruction and in the instructions given, but we find no merit in this contention.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.