CASE 76—ORDINARY—APRIL 12, 1881.

## Anderson v. Arnold's ex'r.

APPEAL FROM HARDIN CIRCUIT COURT.

1. Shooting and wounding another is an assault and battery, although unintentional, and the action therefor dies with the person injuring or the person injured.

2. When the act complained of, and not the consequences of the act, causes the injury, the remedy is trespass and not case.

WILSON & HOBSON FOR APPELLANT.

1. An "assault and battery," within the meaning of chapter 10, section 1, General Statutes, is an *intentional* injury.

2. Under this statute, actions seeking compensation for actual injury done the person or the estate of the plaintiff, do not die with the person.

W. H. CHELF FOR APPELLEE.

1. This is an action for assault and battery, although the shooting is charged to have been unintentional, and the action died with the person who did the injury. (Gen. Stat., chap. 10, sec. 1.)

Anderson v. Arnold's ex'r.

2. For an injury which is immediate and not consequential, trespass is the proper remedy and not case, without regard to the motive of the wrong-doer. (1 Chitty on Pleadings, pp. 77, 101, 102, 151, 190, 191, 193; 2 Addison on Torts, sec. 788.)

HAYS & BUSH FOR APPELLEE.

The petition sets up no other cause of action than an assault and battery, which dies with the person. (Gen. Stat., p. 179; 3 Blackstone, 121; Bouvier's Law Dictionary, "Assault.")

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Section 1 of chapter 10, General Statutes, provides: "no right of action for personal injury, or injury to real or personal estate, shall cease or die with the person injuring or the person injured, except actions for assault and battery, slander, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury; but for any injury other than those excepted, an action may be brought or revived by the personal representative or against the personal representative, heir, or devisee, in the same manner as causes of action founded on contract."

The appellant, James Anderson, instituted his action in the Hardin circuit court, in which he alleges that on the —— day of ——, in the year 1878, the appellee's testator negligently and recklessly, *but not intentionally, inflicted a wound upon the body* of the plaintiff (appellant) with a pistol; in other words, that the appellee's testator shot the plaintiff with a pistol, causing him great pain and bodily suffering, and for which he asks a judgment, &c.

On the hearing of the cause, a demurrer was filed and sustained to the petition on the ground that the cause of action died with the person, and no action could be maintained against Arnold's personal representative.

Counsel for the plaintiff proceeded upon the idea that the injury must be intentional in order to constitute it an assault and battery, and if involuntary, the remedy was by an action on the case: as if A shoot at B and wounds C, the shooting of C being unintentional, is not an assault and battery on C, but the result of an assault on B.

The various statutes authorizing actions by the widow, heirs, and personal representative of one whose life has been lost by the negligence of another are not involved in the question presented in this case, and there is no reason why the court should depart from the common law rule in defining what constitutes an assault and battery, although the appellant may have sustained great injury. The action of trespass lies for injuries committed by force, and generally are only for such as are immediate. (Chitty's Pleadings, vol. 1, p. 190.)

When the act complained of, and not the consequences of the act, causes the injury, the remedy is trespass and not case. "Nor," says Chitty, "is the motive, intent, or design of the wrong-doer towards the complainant the criterion as to the form of the remedy; and it is clear that the mind need not in general concur in the act that causes an injury to another; and if the action occasion an immediate injury, trespass is the proper remedy without reference to the intent." (Chitty's Pleadings, vol. 1, p. 147.)

When on uncocking a gun, it went off and accidentally wounded a bystander, it was held that the action was properly brought in trespass. So when the defendant, in firing his musket, accidentally wounded the plaintiff, trespass and not case was the remedy.

The familiar illustration given in the elementary books as to the distinction between trespass and case settles the

question here. When a log is thrown in the highway, and in the act of throwing it strikes one, it is a trespass; but if, when placed in the highway, one is injured by falling over it, case is the proper remedy. So of the lighted squib that was thrown in the market space, and afterwards thrown about by others in self-defense; the new impetus given to it by others was held to be a continuance of the original force, and trespass was the remedy. Following, therefore, this common law definition, it was an assault and battery committed upon the plaintiff, although the shot was fired at a third person; and the meaning of the words *assault and battery* will not be restricted to an actual and intentional beating of another so as to authorize the recovery. If an assault and battery at common law, the action does not survive, and that it was there can be no doubt.

Judgment affirmed.

(Eden v. Lexington Railroad Co., 14 B. M.; Covington Railway Co. v. Packer, 9 Bush.)