GEO. W. MELVIN, Mayor, *ex rel.* GEO. McVEY, Appellant, v. JOHN H. EVANS *et al.,* Respondents.

### Kansas City Court of Appeals, March 7, 1892.

Principal and Surety: DEATH OF PRINCIPAL: SURVIVOR AS TO SURETY: STATUTES CONSTRUED: ABATEMENT AND SURVIVOR. An action against a city constable and sureties on his official bond for an unnecessary assault and battery upon the relator in arresting him abates with the death of the principal not only as to the principal but also as to the sureties. It is *held arguendo :—*

(1) That the continuance against survivors provided for in section 2196, Revised Statutes, 1889, should be limited to the surviving wrongdoers, those who joined in the act, or to those survivors who were wronged, the injurers or the injured, as the case might be.

(2) In the absence of a statute, all actions arising *ex delicto* die with the person by whom or to whom the wrong was done ; but, if in doing the wrong, the wrongdoer acquires property beneficial to himself or his estate, an action survives for the value thereof ; yet it is otherwise for an injury to property not benefiting the wrongdoer.

(3) The fact that the sureties contracted by their bond to make good the damages caused by the constable will not prevent the abatement.

(4) If the action survives against the sureties, they could go upon the estate of the principal for their indemnity, which would be held for an action which did not exist against it.

*Appeal from the Schuyler Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Edward Higbee,* for appellant.

(1) The court erred in sustaining the motion to dismiss. The action was for damages for a breach of the bond—each of the defendants was severally liable to the relator. If the action did not survive as against

the personal representative of Evans, then it should have been continued as to the surviving defendants. The statute is mandatory- R. S. 1889, sec. 2196; *Bullock v. King*, 48 Ga. 550; *Hess v. Lowery*, 23 N. E. Rep. 156. (2) The court erred in overruling the motion for a new trial. (3) The spirit and reason of the common-law rule that the action dies with the person is that the personal representative is the assignee of the estate and not of the person of the deceased (*Stanley v. Vogel*, 9 Mo. App. 98, 99), and an action for personal injuries dies with the person for the want of litigants. Schouler's Executors [2 Ed.] sec. 279, p. 355. (4) If the breach of the bond had been committed by the principal's deputy the death of the deputy would not abate an action on the bond for the breach. It does not come within the spirit or reason of the rule. Nor will it be contended that the principal's death in that case would abate the action. (5) There is a clear distinction between an action for personal injuries against the wrongdoer and an action on the bond. An unsatisfied judgment against the principal will not bar an action on the bond. Brandt, Suretyship, sec. 488, p. 630.

*Shelton & Dysart*, for respondents.

(1) Respondents' contention is that the facts in this case bring it squarely within the force of the maxim, *actio personalis moritur cum persona*. R. S. 1889, secs. 96, 97; *Stanley v. Bircher*, 78 Mo. 245; *Davis v. Morgan, Adm'r*, 97 Mo. 79; Woerner's American Law of Admin., sec. 290; Schouler's Ex'rs & Adm'rs [2 Ed.] sec. 370, p. 444; *Martin v. Bradley*, 1 Caine's Cases, p. 124; *People v. Gibbs*, 9 Wend. 28; *Franklin v. Law*, 1 Johns. 396; *Webber v. Underhill*, 19 Wend. 447; *United States v. Daniel's Ex'rs*, 6 How. 12; *Cravath v. Plympton*, 13 Mass. 453. A question strongly analogous to the one presented by the case at

bar is that of the common-law liability of the husband for the wrongs or torts of the wife committed apart from him, and of which he has no knowledge. Here the liability exists; that is, the husband is *sub modo* surety for the wife's good behavior, and the injured party can pursue them both for the wrong, yet if she dies before suit is brought, or pending the action and before judgment, the cause of action abates or dies with her, and no further proceedings can be had against the surviving husband, with reference thereto. Woerner's American Law of Admin., p. 629; *Roberts v. Lisenbee*, 86 N. C. 136; 2 Bishop's Married Women, secs. 254, 256.

*C. C. Fogle*, further, for respondents.

(1) The court properly dismissed plaintiff's suit, because it was an action for personal injuries, and not *ex contractu*, nor for wrongs done to the property rights or interests of another within the meaning of our law, so as to survive against the representatives of the wrongdoer, but fall within the exception of the statutes. R. S. 1889, secs. 90, 91; *Town of Carrollton v. Romberg*, 78 Mo. 547; *Wiener v. Pecock, Adm'r*, 31 Mo. App. 238; *Stake v. Stickney*, 99 N. Y. 323; *Little v. Conant*, 2 Pick. 527; *Wade v. Kalbfleisch*, 52 N. Y. 287; *Johnson v. Elwood*, 82 N. Y. 362; *Stebbins v. Palmer*, 1 Pick. 171; *Smith v. Sherman*, 4 Cush. 480; *Kelley v. Riley*, 106 Mass. 339; *Higgins v. McNally's Adm'r*, 9 Mo. 494; *Jewett v. Weaver, Adm'r*, 10 Mo. 234; *Faust v. Bruton, Adm'r*, 15 Mo. 619; *Vogel v. Stanley*, 9 Mo. App. 98; s. c., 78 Mo. 245, 549; *Baker v. Crandall*, 78 Mo. 589; *Snyder v. Railroad*, 86 Mo. 613. Then how can plaintiff maintain his suit upon a cause of action that has ceased, has been barred and limited by the death of the wrongdoer? Are the sureties of defendant Evans to be held liable upon a dead cause of action? A cause of action that does not exist? No cause of action? 9 Mo. 497; Chitty, 59; 1 Saunders, 217; *Kingsbury's Ex'r v. Lane's Ex'r*, 21 Mo. 118;

*Wacherlin v. Schaffer*, 17 Mo. App. 442; 21 Mo. 121. So, unless there is some statute fixing the liability of sureties upon the death of the wrongdoer, then the sureties are still not liable.   There is no such statute. *Kingsbury v. Lane*, 21 Mo. 121, closing paragraph of the decision; also, 17 Mo. 366.

ELLISON, J.—The relator instituted this action against defendant Evans as constable, and the other defendants as his sureties on his official bond.  The allegation is that, relator becoming intoxicated in the town of Lancaster, the constable (by proper authority set out) arrested him, and that in doing so he, the constable, unnecessarily beat him with stones and injured him.   After the action was instituted, and before trial, the constable died.   The surety defendants, in a proper way, made this suggestion to the court, and on their motion the court abated the action.   Relator appeals. It is conceded by counsel that the action abated as to the constable, and the only question for our decision is, does the cause of action survive against the sureties?

The case has been well presented by the respective counsel, and some suggestions are made by counsel for relator, perhaps difficult to answer, in illustration and support of his view that, while the action abates as to the principal, it survives as to the sureties.   There are considerations, however, that seem inevitably to determine the case against him, and our holding is that the action   abated as to the sureties also.   The statutes, Revised Statutes, 1889, bearing upon the question are as follows:   "Sec. 96:   For all wrongs done to property, rights or interest of another, for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or, after his death, by his executor or administrator, against such wrongdoer, and, after his death, against his executor or administrator, in the same manner and with like effect, in all respects, as actions founded upon contract.

"Sec. 97. The preceding section shall not extend to actions for slander, libel, assault and battery, or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff, or to the person of the testator or intestate of any executor or administrator."

"Sec. 2196. No action shall abate by the death, marriage or other disability of a party, if the cause of action survive or continue. In case of death, marriage or other disability of a party the court, on or before the third term after the suggestion of such death, marriage or disability, may, on motion, order the action to be continued by or against the representative or successor of such party in interest. When the cause of action does not survive, the action shall abate only as to the deceased parties, and shall continue as to the survivors, if any, without a revival thereof."

Relator claims that the last clause of the latter section is mandatory as to all actions wherein there is a survivor. Our opinion is that this is only partly correct. The terms of the statute should be limited to the surviving wrongdoers—those who joined in the act, or to those survivors who were wronged—the injurers, or the injured, as the case might be. We are cited to *Bullock v. King*, 48 Ga. 550. That case does not disclose the nature of the action. It seems not to involve the question here. On the suggestion of the sheriff's death, plaintiff announced that he would proceed against the other parties (sureties) to the bond, and defendant demurred to the declaration on the ground that the securities were not liable on the case made by the pleadings. It does not appear what the nature of the action was.

The surety's obligation is *accessory* to that of the principal, and generally, if the principal is discharged, so is the surety. 1 Brandt, Suretyship, sec. 145. So I cannot bring myself to believe that, in a case where the *cause of action* is dead as to the principal, it can be alive as to the surety. It is true that a surety is bound

for the debt of a *feme covert* principal ; but in such case there was never a cause of action against the married woman, and the surety's contract is an original undertaking. So the principal may be discharged in bankruptcy and the surety held, but in such case the cause of action was not destroyed. But the cause of action for an assault and battery dies with the wrongdoer. It becomes extinguished, *as if it had never been.* In absence of a statute all actions arising *ex delicto* die with the person by whom or *to* whom the wrong was done. Such, for instance, as trespass, trover, assault and battery, slander, deceit, etc., where the declaration imputes a wrong to the person or the property of another, and the plea must be, not guilty. *Hegerick v. Keddic*, 99 N. Y. 258. If, however, in doing the wrong, the wrongdoer acquires property beneficial to himself or to his estate, an action survives for the value of the property. *Hegerick v. Keddic, supra ; Humbly v. Trott*, Cowp. 371. But even under this decision there was no remedy after the death of the wrongdoer, except by force of the statute, for an injury to property not benefiting the wrongdoer.

But the thought occurs here that the sureties ought to be held in this case from contractual considerations; that is, that they have, by their bond, contracted to make good whatever damage the constable, as such, may have caused. And that since actions *ex contractu* survive, and the action here is on the contract as evidenced by the bond, the action ought to be held to survive. But the same argument would cause the action to survive as to the principal. Besides, it is not all matters of contract which survive, nor are all actions which do not survive named in section 97 of our statute. For instance, in absence of special damages, an action for breach of promise of marriage is based on contract, and yet does not survive. *Stebbins v. Palmer*, 1 Pick. 71 ; *Lattimore v. Simmons*, 13 Serg. & R. 183 ; *Wade v. Kalbfleisch*, 58 N. Y. 286. For other instances,

see *Hegerick v. Keddic*, 99 N. Y. 258. The contract in this case is not inconsistent with or contrary to the law of abatement or survivorship of actions. The bond only obligates the sureties to respond to a legal cause of action so long as it remains a legal cause of action ; and as before stated, if the cause of action ceases to exist against the wrongdoing principal, there is nothing to which a liability on the part of the surety can attach.

These views, while, perhaps, not established, are strengthened by this further consideration : It is a principle of law that when the surety pays the debt of the principal he may go upon the principal, or his estate, for the amount he has paid by reason of his suretyship ; in other words, the estate of the principal is an indemnity for the surety. So that if we allow this action to be maintained against these sureties, they will, of course, go upon the estate of the deceased constable for the amount they may be compelled to pay, and in this manner the estate would be held for, or on account of, an action which did not exist against him.

We have been cited to the case of *Hess v. Lowery*, 23 N. E. Rep. ( Ind.) 156, in which it is held that a surviving partner is liable for the unskilful surgery of the deceased surgeon, although the action did not survive as to the deceased. But this was really based upon the idea that the survivor was himself the wrongdoer through the agency of his partner. The judgment is affirmed. All concur.