## Insurance Company of North America v. Gore.

(Decided June 25, 1926.)

Appeal from Christian Circuit Court.

1. Judgment—Overruling Defendant's Motion for Judgment Non Obstante Veredicto Held Proper, where Defenses were Controverted of Record.—Overruling defendant's motion for judgment non obstante veredicto held proper, where plaintiff, while not pleading any matter in avoidance of defenses set up by defendant, had put them in issue by an order controverting them of record.

2.  Insurance—Where Insurer Pleaded Fraud and Noncompliance
    with Conditions, Admission of Evidence to Show Waiver Held
    Error; Plaintiff Having Filed no Plea in Avoidance of Defenses.—
    Where, in action on fire policy, insurer pleaded fraud in its pro-
    curement and noncompliance with conditions, which rendered
    policy void, and insured filed no plea in avoidance, admission of
    evidence to show waiver and other matters in avoidance of
    defenses was error.

3.  Evidence—Testimony that Insured Made Full and Complete Dis-
    closure to Insurer of Everything he Knew About Property Held
    Erroneously Admitted in Action on Fire Policy, being Mere Con-
    clusion.—In action on fire insurance policy, where insurer pleaded
    that insured procured policy by false statements as to value and
    incumbrances, it was error to allow insured to state he made
    full and complete disclosure of everything he knew about prop-
    erty; such statement being mere conclusion.

4.  Insurance.—In action on fire policy, where insurer pleaded false
    statements in application, and plaintiff merely controverted
    defenses of record, admission in evidence of what insured told
    agent who took application held error.

5.  Insurance.—In action on fire insurance policy, admission of evi-
    dence of transactions between insured and agent who wrote policy,
    after latter ceased to be insurer's agent, held error.

6.  Insurance.—Where, in action on fire policy, insurer pleaded false
    statements concerning incumbrances in application, admission in
    evidence of what deeds and public records showed concerning
    insurer's indebtedness held error.

7.  Pleading.—Where pleading is controverted of record, truth of
    matters pleaded is put in issue, but evidence to avoid matters
    pleaded is inadmissible.

8.  Insurance—Where Insurer Pleaded False Statements in Applica-
    tion, Exclusion of Evidence Showing What Other Companies
    Would Have Done with Application, Showing True Statement of
    Value and Incumbrances, Held Error.—Where, in action on fire
    policy, insurer pleaded false statements in application, it was
    error to exclude insurer's testimony to show what other reputable
    companies would have done with insured's application, if submit-
    ted to them with true statement of value of property and incum-
    brances.

9.  Insurance—Refusal to Withdraw from Jury Evidence that Insurer
    Sought to Collect Note After it Became Due Held Error, in Ab-
    sence of Plea to Support Evidence.—In action on fire policy, in
    which insurer pleaded condition exempting from liability while
    any installment of note given for premium remained due and
    unpaid, refusal to withdraw from jury evidence to show insurer
    undertook to collect note in default after it became due was error,
    in absence of any plea to support such evidence.

10. Trial—Refusal of Peremptory Instruction Held Error, when, After
    Adversary's Evidence, Unsupported by Pleading, is Stricken, there

is Nothing to Support Verdict for Him.—Refusal of peremptory instruction for defendant held error, when, after evidence offered by plaintiff, without pleading to support it, is stricken, there is no evidence to support verdict for plaintiff.

SELDEN Y. TRIMBLE for appellant.

McKENZIE & SMITH for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

The appellee, Gore, recovered against appellant, whom we shall call the defendant, $500.00 for the loss of a tenant house belonging to Gore, and upon which defendant had issued a policy of insurance. On April 23, 1923, defendant insured this house and several other buildings on Gore's farm against loss by fire. This house was insured for $500.00, and was burned on September 30, 1924. Defendant refused to pay for the loss, whereupon Gore began this action. In its answer and counterclaim, defendant sets up several defenses. First, it claims it was deceived and procured to issue this policy by false statements made by Gore in the application therefor, and by the failure of Gore to disclose the truth therein. It alleges that Gore stated in his application that the only encumbrance on the property was $2,250.00, and that the property was worth $71,200.00. Defendant charges that this was untrue and that at the time the application was made, there were liens on this property aggregating $43,000.00; that the farm, not worth over $26,700.00 or $28,480.00, was listed for taxation at only $16,020.00, and that it would not have issued the policy sued on had it known the truth. Second, the defendant alleges that the policy provided: "If the property or any part thereof shall hereafter become mortgaged or encumbered . . . this policy shall be null and void." On May 14, 1923, without the knowledge of defendant, Gore mortgaged this property to one Golay for $5,354.10, and for this reason defendant says the policy then became void. Third, defendant says the policy contained this provision:

> "But it is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned, while any installment of the installment note given for premium upon this policy remains past due and unpaid."

An installment of $121.97 that became due on Gore's premium note on May 1, 1924, was not then paid and had not been paid at the time of the fire and for that reason defendant says it is not liable for this loss. Fourth, defendant pleaded and relied upon this stipulation of the policy:

" . . . and it is stipulated and agreed that if any false statements are made in said application, or otherwise ·. . . or if the property or any part thereof shall hereafter become mortgaged or encumbered . . . or if any of the buildings described are now vacant, unoccupied or uninhabited, or shall become vacant, unoccupied or uninhabited, and so remain for a period exceeding ten days, without written consent hereon, then in each and every one of the above cases, this policy shall be null and void."

Defendant alleged that this house was and had been for more than 10 days, vacant and unoccupied at the time of the fire and had been permitted to so remain without any written consent of this defendant, endorsed on the policy, and for that reason the policy was void. The defendant offered to confess judgment for $121.97, with interest from April 23, 1923, in full of plaintiff's recovery.

Defendant sought because of fraud in its procurement, to have the policy declared void *ab initio,* to have it cancelled and surrendered to it, and that if it be found not entitled to that relief it asked that it be adjudged that this policy lapsed and terminated on April 23, 1924, when plaintiff failed to pay his premium note and for the further reason that the property had been for more than ten days at the time of the fire, unoccupied.

Plaintiff filed no plea in avoidance of the defenses pleaded and contented himself by taking them as controverted of record, and in that state of the pleadings, the case went to trial, and resulted in a verdict for the plaintiff.

Defendant filed a motion for a judgment *non obstante veredicto,* and without waiving that motion, filed its motion and grounds for a new trial. Both were overruled and the defendant appealed. This motion for judgment *non obstante veredicto* was properly overruled, for while the plaintiff had not plead any matter in avoidance of the defenses set up by defendant, still it had put those defenses in issue by an order controverting them of record.

Coming now to its motion and grounds for a new trial, we find: (1) This ground is well taken, for this verdict is not sustained by sufficient evidence, and is contrary to law for the reasons given herein. (2) In the condition of the pleadings, the evidence should have been confined to the truth or falsity of the matters set up in the petition and the answer, and the court erred in permitting Gore, over defendant's objection, to introduce evidence to show waiver and other matters in avoidance of the defenses pleaded by defendant. The court should not have allowed Gore to state that he made a full and complete disclosure of everything he knew about the property as that was only a conclusion of the witness. Under the state of the pleadings, the evidence on this subject should have been confined to the truth or falsity of the statements made in the application and for the same reason, all evidence of what Gore told the agent who took this application should have been excluded. This policy was originally written by one R. L. Wells who was then the agent of defendant, but who on January 14, 1924, sold his agency to Cornelius & Cayce, and the court should have excluded all evidence of transactions between Gore and Wells occurring after Wells ceased to be the agent of defendant. The court should not have permitted evidence relative to what the deeds and public records showed concerning the indebtedness of Gore, as he had made a written application to the defendant in which he attempted to set out his indebtedness and he must have known and intended that the defendant would rely on that application, and the defendant was not required to look beyond that application, but could rely thereon. See Com. Life Ins. Co. v. Goodknight's Admr., 212 Ky. 763, 280 S. W. 123. The proof should have been confined to the issues made. Where a pleading is controverted of record, that puts in issue the truth of the matters pleaded but is insufficient to authorize the introduction of evidence to avoid such defenses. Proof not supported by pleading is just as unavailable as pleading not supported by proof. The court erred in refusing to permit defendant to show what other reputable fire insurance companies, acting reasonably and naturally in the usual course of the fire insurance business, would have done with Gore's application for insurance, if he had submitted it to them, with a true statement of the value of his farm and the liens thereon. King v. O. V. F. & M. Ins. Co., 212 Ky. 770, 280 S. W. 127. (3) The

court erred in overruling defendant's motion at the conclusion of all the evidence to withdraw from the jury all evidence tending to show that the defendant undertook to collect the premium note which was in default on and after May 1, 1924, because there was no plea to support such evidence, or to warrant its introduction. (4). The court erred in overruling defendant's motion for peremptory instruction because when the evidence offered by plaintiff, without pleading to support it is stricken, then there is nothing left to support a verdict for plaintiff. (5) Defendant excepted to the instructions given, and we find its exceptions were well taken.

In the state of the pleadings, the competent evidence was insufficient to justify submission of this case to the jury.

The judgment is reversed.