## Aetna Insurance Company v. Hensley.

(Decided May 13, 1927.)

### Appeal from Harlan Circuit Court.

1. Insurance.—That insured, at time of issuance of policy, had insurance on property with another company, of which insurer had no notice, was complete defense to policy providing insurer should not be liable for loss occurring while insured should have any other contract of insurance on property covered.

2.   Pleading.—Reply, traversing answer and referring to defense, but containing no plea in avoidance of defenses raised, is demurrable.

3.   Insurance.—In action on policy of insurance, evidence that insurer waived provision of contract that policy should be void in case of other insurance held inadmissible, under traverse alone without plea in avoidance in reply.

H. M. HUFFAKER and LOW & BRYANT for appellant.

J. S. FORESTER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The Aetna Insurance Company prosecutes this appeal from a judgment for $1,000.00, recovered against it by W. S. Hensley. This case has been here before, and the facts are very well stated in the former opinion, which will be found in 215 Ky. 45, 284 S. W. 425. See 206 Ky. 202, 266 S. W. 1074, for an opinion in a kindred case. In its answer, the Aetna Insurance Company, among other defenses, pleaded this provision of the policy:

"Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage occurring while the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part in this policy."

It is alleged that, at the time the policy sued on was issued, the plaintiff then had $2,000.00 insurance on the property described in the Globe & Rutgers Fire Insurance Company, of which it had no notice. This was a complete defense, and to it Hensley filed no affirmative plea. The first paragraph of his reply to this answer is a traverse. His next reference to this defense is in paragraph 3 of his reply, but that contained no plea in avoidance of the appellant's defenses, and the demurrer of the insurance company to this reply was improperly overruled.

"Proof not supported by pleading is just as unavailable as pleading not supported by proof." Insurance Co. of North America v. Gore, 215 Ky. 487, 284 S. W. 1107.

In this state of the pleading, evidence offered by Hensley, tending to show the Aetna Insurance Company

had waived this provision of the contract, should not have been admitted, and, with that evidence out, there is nothing to support the verdict, and instruction for the defendant would have been proper.

The judgment is reversed.

The whole court sitting.