## Veatch v. Derrick, et al.

(Decided May 4, 1928.)

## Appeal from Jessamine Circuit Court.

1. Abatement and Revival.—Under Ky. Stats., sec. 10, action for assault and battery by city marshal's deputy, which under section 3629 was, in legal contemplation, an assault by marshal himself, did not survive against estate of marshal, since action for assault and battery does not survive.

2. Municipal Corporations.—Under Ky. Stats., sec. 3629, providing that city marshal may appoint deputies for whose acts he and his bondsmen shall be responsible, and section 10, providing that actions for personal injury do not survive, death of city marshal had effect of releasing surety on his bond for liability for assault and battery by deputy marshal appointed by marshal, since action did not survive against marshal and whatever discharged principal discharged surety.

L. SAUNDERS for appellant.

FRED FORCHT and DAVID C. HUNTER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

Section 3629, Kentucky Statutes, being a part of the charter of cities of the fifth class, after providing that the department of police shall be under the direction and control of the city marshal, contains the following:

> "He may appoint, subject to the approval of the city council, one or more deputies, for whose acts he and his bondsmen shall be responsible, whose only compensation shall be fees for service of process which shall be the same as those allowed the city marshal."

In the month of July, 1926, William Grimes, who was the city marshal of Wilmore, a city of the fifth class, appointed E. C. Derrick as his deputy, and Derrick's appointment was approved by the city council. On the —— day of July, 1926, Derrick assaulted Stephen Veatch. Veatch brought this action against Derrick and Grimes, and also against the Fidelity & Casualty Company of

New York, Grimes' surety, to recover damages. The petition contains the following allegation:

"Plaintiff states that on or about the —— day of July, 1926, the defendant E. C. Derrick, while acting as a deputy marshal as aforesaid, and within the corporate limits of the city of Wilmore, Jessamine county, Ky., and while having the plaintiff, Stephen Veatch, in custody, as such officer, and without a warrant for his arrest and for an offense committed by said Stephen Veatch, the exact nature of which is unknown to plaintiff, but is known to the defendant E. C. Derrick, and while plaintiff was in his custody, the said defendant E. C. Derrick assaulted the plaintiff," etc.

In its answer the Fidelity & Casualty Company of New York relied on two defenses: (1) That Grimes was dead, and the action abated both as to him and the answering defendant. (2) That Derrick arrested the plaintiff on some pretended offense other than a felony; that the offense, if any, was not committed in the presence of Derrick; and that the arrest was made without a warrant. Plaintiff's demurrer to the answer was overruled, and, he having declined to reply or file an amended petition, the demurrer was carried back to the petition and sustained, and the petition was dismissed. Plaintiff appeals.

Only one phase of the question need be considered. The statute makes the marshal liable for the acts of his deputy on the theory that the deputy is his agent. Hence an assault by a deputy marshal is, in legal contemplation, an assault by the marshal himself. Under our Statutes, an action for assault and battery does not survive and the estate of the wrongdoer is not liable. Section 10, Kentucky Statutes. Shields' Adm'rs v. Rowland, 151 Ky. 822, 152 S. W. 943. Grimes having committed the assault through his agent, the right of action ceased with his death. The obligation of the surety or guarantor is usually accessory to that of the principal, and as a general rule whatever discharges the principal releases the surety. Brandt on Suretyship and Guaranty, 121. Doubtless there are exceptions to this rule, as where there was no right of action against the principal and the surety's contract was an original undertaking, or where the principal was discharged in bankruptcy, but the cause of action was not destroyed, or where the bond contains an

absolute undertaking to pay a sum certain, thus creating the relation of debtor and creditor. Emmons v. Commonwealth, 197 Ky. 674, 247 S. W. 956, 31 A. L. R. 601. No reason is perceived why the general rule is not applicable to the facts of this case. The contract was made on the faith of the statute that a cause of action against Grimes for assault and battery would not survive. Then, too, it must not be overlooked that when the surety pays the obligation of his principal he may proceed against the principal, or his estate, for the amount he has paid. As it is conceded that Grimes' estate is not liable, liability on the part of the surety would result in one of two things. Either it would be deprived of its right of action against the estate of Grimes, or, contrary to the statute, Grimes' estate would be compelled to pay an account of an action which abated with his death. We cannot adopt the view that the words, "For whose acts he (city marshal) and his bondsmen shall be responsible," make the surety liable in all cases. Were we to give the statute that construction, it would apply to the city marshal as well, and make his estate liable, notwithstanding the fact that the cause of action did not survive. We are therefore constrained to hold that the death of Grimes had the effect of releasing the surety from liability. Such was the view taken by the Kansas City Court of Appeals in Melvin ex rel. McVey v. Evans, 48 Mo. App. 421, and we find ourselves in complete accord with the reasoning of the court.

Judgment affirmed.