## Reliance Insurance Company et al. v. Wilson.

(Decided March 22, 1929.)

HITE H. HUFFAKER and HOBBS & HANSEN for appellants.

WILL D. JESSE and HUNT, NORTHCUTT & BUSH for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The Reliance Insurance Company, London & Scottish Assurance Corporation, and the National Union Fire Insurance Company, whom we shall refer to as the insurance companies, are seeking to reverse a judgment for $822.10 recovered against them by Albert Wilson.

In 1924, these insurance companies desired to have an investigation made relative to certain fires and losses, and the plaintiff alleged that he was employed by these insurance companies, and by the Southern Adjustment Bureau for them, to make this investigation. He alleged that he was to be paid $8 per day and his expenses; that he worked under this employment for 110 days, and incurred an expense account of $232.10, wherefore he asked judgment against the Southern Adjustment Bureau and these insurance companies for $1,112.10.

By answer, the employment of the plaintiff was admitted. No question was made about the price he was to be paid per day, but the defendants denied that he was actually engaged for over 30 days, or had incurred an expense account in excess of $50. Upon motion of the plaintiff, the court gave him a judgment for the $290

that was not controverted. The issue as to the remaining $822.10 was then prepared, tried, and resulted in a verdict for the plaintiff against the insurance companies, the action having been dismissed as to the Southern Adjustment Bureau during the progress of the trial. Upon the trial of the case, the proof indicated that, instead of this contract having been made with Wilson by and through the Southern Adjustment Bureau on behalf of the insurance companies, it was made by and through one Hite Huffaker, an attorney who was then representing the insurance companies. At the conclusion of the plaintiff's evidence, and again at the conclusion of all the evidence, the insurance companies moved the court to instruct the jury peremptorily to find for them, basing their motion upon the claim that plaintiff declared upon a contract made with these insurance companies through the Southern Adjustment Bureau and proved that this contract had been made with these companies through Mr. Huffaker.

In support of this contention they rely upon the cases of Ætna Ins. Co. v. Hensley, 219 Ky. 817, 294 S. W. 470, and Insurance Co. of North America v. Gore, 215 Ky. 487, 284 S. W. 1107; but they overlook the fact that the insurance companies admit the making of the contract, and only question the amount due thereunder. That was all that was to be tried. That was all about which there is any need of introducing evidence, in the state of the pleadings. Since the insurance companies admit the making of the contract, this record does not present a case of a man suing on one contract and proving another. The court properly overruled the motion of the insurance companies for a directed verdict. The insurance companies have cited the cases of Wickliffe v. First Nat. Bank, 184 Ky. 783, 213 S. W. 581, and Gainesboro Tel. Co. v. Buckner, 160 Ky. 604, 169 S. W. 1000, and insist that there was such a variance between the allegations of the petition and the proof as to amount to a failure of proof, under section 131 of the Civil Code; but what we have said relative to the action of the court in refusing to give a peremptory instruction is a complete answer to this contention.

Only one other question is discussed by these insurance companies in their brief, and that is that they were surprised by the testimony of Wilson, in claiming that this contract was made through Mr. Huffaker, after

pleading that it was made through the Southern Adjustment Bureau, and they made that one of their grounds for a new trial, and filed the affidavit of Miss Althaira A. Mattingly in support thereof, claiming that, but for this surprise, they would have had her evidence, by which to disprove what Wilson said about making this contract through Mr. Huffaker, Mr. Wilson having testified that this young woman was present when the contract was made; but we cannot lose sight of the fact that the insurance companies admit making the contract. They made no motion for a continuance on account of this surprise. They elected to have the trial continue, and it did continue, without objection on their part, and, having taken their chances, they cannot be heard to complain now.

The judgment is affirmed.