## Hunt's Executrix v. Mutter.

## Same v. Mutter's Administrator.

(Decided April 21, 1931.)

398

W. A. DAUGHERTY for appellants.

A. F. CHILDERS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Reversing first case and affirming second case.

The opinion will dispose of two appeals from judgments rendered in a joint trial.

Landon Mutter, his father, John Mutter, and others, were engaged in constructing or reconstructing a road by or through the property of Marion Hunt. He claimed that they had gone beyond the staked line and had trespassed upon his land, which gave rise to a quarrel between Hunt and John Mutter. Landon Mutter arrived on the scene and became a participant. He and Hunt drew their pistols about the same time and began firing. Landon Mutter was wounded and dropped his weapon, which was picked up by John Mutter, and he and Hunt shot and killed one another. Under the authority of section 4 of the Statutes, John Mutter's widow and minor children filed suit for damages because of his death. Landon Mutter also filed a suit for damages because of his wounds.

The petitions, which are substantially the same in the respect to be considered, are unusual. We take up that of the widow and children.

It is alleged that Hunt's widow, Lenna, had married W. J. McCloud; that Hunt had devised all of his estate to his wife, but that George H. Hunt, the deceased's brother and sole heir, was claiming his estate on the ground that the will had been avoided because it was made before the marriage, and for that reason he was made a party defendant. It was further alleged that Lenna Hunt McCloud had been appointed executrix of the will, but that she had voided the trust by her marriage to McCloud and for that reason, and because there was no personal representative of Marion Hunt's estate, she was sued individually. It was alleged that his estate was of a value of more than $30,000, and that the defendants were "the only persons claiming the property known to the plaintiffs." Judgment was prayed "against the estate" of Hunt.

Special and general demurrers were filed but not passed upon. George Hunt, the brother, did not answer. Lenna Hunt McCloud and her husband filed an answer in which they denied that Marion Hunt had wrongfully or maliciously killed Mutter. They denied that Lenna's marriage had avoided her appointment as administratrix, and "say that she is now the duly appointed, acting and qualified administratrix of the estate of the said T. M. Hunt, deceased"; and further "denies that there is now no personal representative of said estate."

Before trial the suits were dismissed as against George Hunt and W. J. McCloud. Belle Mutter, the plaintiff, died, and the suits were revived in the name of Landon Mutter as her administrator and as next friend of the children. A verdict for $3,000 was returned in the suit of the widow and children, and one for $1,000 in favor of Landon Mutter. On those verdicts judgments were rendered against "Lenna Hunt McCloud, executrix, under the will of Marion Hunt."

The principal argument made in these appeals prosecuted by Mrs. McCloud as executrix is that the judgments are against her as the personal representative of Marion Hunt, whereas the suits are against her individually; and it is submitted that she was entitled to a directed verdict because no case was proved against her as an individual.

We may dispose of the Landon Mutter judgment upon the ground that the court should have sustained the general demurrer to the petition or the motion for a peremptory instruction in favor of the defendant in his case. His cause of action, if any he had, did not survive, but died with his assailant. Section 10 of the Statutes provides that no right of action for personal injuries shall cease or die with the person injuring the other except certain named actions including those arising from an assault. Construing the statute in Anderson v. Arnold's Executor, 79 Ky. 370, where the petition charged that Anderson had unintentially shot and wounded the plaintiff but the shot was fired intentionally at another, it was held that since the act of shooting was done with hostile intent it was under common-law authority an assault and battery and did not survive. In the case before us the allegations of the petition and the evidence heard in support thereof (disregarding, of course, the defendant's contradictory claims and evi-

dence) were to the effect that the deceased assailant had acted wrongfully, unlawfully, willfully, and maliciously. At common law all causes of action for injuries to the person which rested upon torts died with either of the parties. Gross' Adm'r v. Ledford, 190 Ky. 526, 228 S. W. 24, 14, A. L. R. 689. The common law has been modified by statute, but, as indicated, section 10 (which was first enacted in 1812) eliminates from the modification an action founded upon assault, and the court has consistently construed that to include any action for assault and battery done with the intention to do violence. Shields' Adm'rs v. Rowland, 151 Ky. 136, 151 S. W. 408; Gross' Adm'r v. Ledford, supra; Veatch v. Derrick, 224 Ky. 332, 6 S. W. (2d) 279. Since Landon Mutter's cause of action did not survive against the estate of Marion Hunt, the court should have dismissed it.

A suit by the widow and children, under the authority of section 4 of the statutes and because founded upon a different theory or right, survives and may be maintained against the estate of the one causing the death of the husband and father. Morehead's Adm'x v. Bittner, 106 Ky. 523, 50 S. W. 857, 20 Ky. Law Rep. 1986. The remarriage of the widow pending the suit did not affect the case. Archer v. Bowling, 166 Ky. 139, 179 S. W. 15.

We revert to the pleadings and form of judgment. The appellant is in no position to claim that the judgment should not have been rendered against her as the personal representative of her deceased husband, for she not only denied the negative allegations of the petition, but affirmatively alleged that she was that fiduciary. The orders showed a reply was filed to her answer, but it is not in the record. Instead, there is copied a reply relating to an entirely different state of case and which we are informed in brief was intended for an equitable suit having the same style. (Perhaps it was that reported in Hunt v. McCloud 231 Ky. 801, 22 S. W. (2d) 285.) We may properly presume that the omitted portion of the record authorized the judgment rather than presume that it did not, and, since the verdict simply found for the plaintiffs, that the court was warranted by the pleadings in rendering judgment against the defendant as the personal representative of her deceased husband. Miller's Appellate Practice. sec. 40. It is a well-established rule that a defect in the petition may be cured by facts alleged in the answer. Where the answer introduced issues which the defendant says

the case involves, he cannot be heard to say later that a judgment rested on his own allegations is erroneous. Compare Board of Education v. Caudill, 228 Ky. 652, 15 S. W. (2d) 452. And although the defendant was served with summons as an individual, her answer and plea as administratrix brought her before the court in that capacity.

The answer traversed the allegations of the petition that Hunt had wrongfully and not in his self-defense killed Mutter. In the second paragraph it was alleged affirmatively that Mutter had wrongfully and maliciously shot and killed Hunt and by reason thereof the plaintiffs were barred from recovering any damages. It is argued that since the record does not contain any reply denying this affirmative allegation, the defendant was entitled to a judgment on the pleadings. The affirmative averments added nothing to the defense. The petition charged the wrongful killing and the answer denied it. That was the issue tried. The purpose of pleadings is to apprise an adversary of the issue he is required to meet. Wickliffe v. First National Bank, 184 Ky. 784, 213 S. W. 581. It is a firmly fixed rule that a verdict will cure defective pleadings unless the substantial rights of the adverse party have been prejudiced. Hill v. Ragland, 114 Ky. 209, 70 S. W. 634, 24 Ky. Law Rep. 1053; Louisville & N. R. Co. v. Mengel Co., 220 Ky. 290, 295 S. W. 183; Thoenis' Adm'x v. Andrews, 231 Ky. 160, 21 S. W. (2d) 250. In Fitzpatrick v. Vincent, 88 S. W. 1073, 28 Ky. Law Rep. 121, it was held that where the parties took proof on the allegations of champerty, pleaded in the answer, to which no reply was filed, and the case was submitted on the merits with the issue treated as having been joined, the judgment would not be reversed on account of failure to file a reply. To the same effect is Glen's Falls Ins. Co. v. Elliott, 223 Ky. 205, 3 S. W. (2d) 219. As in Forsythe v. Rexroat, 234 Ky. 173, 27 S. W. (2d) 695, the case was tried and submitted to a jury on the only issue involved and that was set up in the petition and denied by the answer. It must be held sufficient.

Over the defendant's objection, Landon Mutter was permitted to introduce what purported to be an attested copy of an order of the county court appointing him a road overseer with authority to keep in repair the road passing by or through Hunt's property. There was no claim that Mutter did not have the right to pursue the work in which he was engaged. The order did not pre-

scribe the width of the road, and the difficulty arose out of what Hunt claimed was a widening of the road beyond proper bounds. If appellant's claim that the document was not properly authenticated nor competent be conceded, it is manifest that its reading was harmless.

It is also insisted that error was committed, under section 606 of the Civil Code of Practice, in permitting Landon Mutter to testify as to the fight with the deceased. It was conceded that he was not competent to testify as to those things in his own behalf. He was competent, however, to testify in the case of the widow and infant children, as he personally had no interest in any judgment which they might recover. The trial court so ruled and instructed the jury to that effect. As stated the case was revived by Landon Mutter as administrator of John Mutter's widow and as next friend of her minor children, but his dual relation did not disqualify him as a witness to testify as to the matters involved. Swineboard v. Bright, 116 Ky. 514, 76 S. W. 365, 25 Ky. Law Rep. 742; Combs v. Roark, 206 Ky. 454, 267 S. W. 210; Trevathan's Ex'r v. Dees' Ex'rs, 221 Ky. 396, 298 S. W. 975; Hicks v. Oak's Adm'r, 233 Ky. 27, 24 S. W. (2d) 917; Park Circuit & Realty Co. v. Coulter, 233 Ky. 1, 24 S. W. (2d) 942.

Complaint is also made that the court should have given an instruction offered by the appellant or incorporated the defense in the instructions given to the effect that the deceased Hunt had the right to defend his property against trespass on the part of John Mutter and those acting in concert with him; and that he did not have to retreat from his own premises when attacked. There was neither pleading nor proof to sustain such an instruction. The evidence was that the quarrel arose over the fact that the Mutters and their workmen had torn down a portion of Hunt's fence and had already committed a trespass. The instructions given placed the burden upon the plaintiff to prove that Marion Hunt, not in his necessary or apparently necessary self-defense, shot and killed John Mutter, and Hunt's right to defend himself against bodily harm or death at the hands of the Mutters was fully described and presented.

It follows that in the case of Hunt's Executrix v. Landon Mutter the judgment should be and is reversed; and in the case of Hunt's Executrix v. Belle Mutter's Administrator, etc., the judgment is affirmed.

Whole court sitting.