## AVERY & SONS *v.* MEIKLE & CO.

[Abstract Kentucky Law Reporter, Vol. 5—518.]

**Injunction—Chancellor Bound by Order of Higher Court.**

> Where the chancellor seems not to have fully understood the order of the Court of Appeals, his disclaimer by way of response of any intention to disregard the mandate of this count is sufficient.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 20, 1883.

OPINION BY JUDGE PRYOR:

The chancellor below seems not to have comprehended fully the nature of the mandatory order with reference to the injunction. His disclaimer by way of response of any intention to disregard the mandate of this court is held sufficient. Under the opinion the appellees have the right to make plows like Avery's and to use letters and numbers or either to indicate the size and kind of plows; but they should be enjoined from making a plow or plows of the same size and general similarity to Avery's and placing upon them the same letters or numerals to designate the size or sizes. They may be used on plows of the appellee when not substantially of the same size, structure and general appearance. This is the character of relief sought and the mandate is in effect a direct and a specific direction to grant such an injunction.

As to the question of damages this court fixed no rule for ascertaining them. Neither the question of damages nor the mode of

inquiry in order to ascertain them is pointed out by the opinion rendered, and as to this branch of the case the chancellor must be left to exercise his own judgment as to the order of reference and mode of inquiry.

Such an order is only interlocutory, and if erroneous the chancellor can disregard it at any time. When the final judgment is rendered, if the damages are not awarded in accordance with what is proper, in determining the true meaning and spirit of the opinion the remedy is by an appeal to have the error corrected. We are satisfied the chancellor will execute the judgment in strict accordance with the opinion, and if in error it will not result from an unwillingness on his part to be governed by the decision, whatever may be his private views as to the propriety of the action of this court in reversing his judgment. This will be certified to the court below that the injunction may be entered as directed. There was some objection made as to the notice on which the rule was based, but as a response has been filed by the chancellor it is proper in the opinion of the court to dispose of the question.

*W. O. & J. L. Dodd, P. B. Muir, John Mason Brown, John Marshall, for appellants.*

*Wm. Lindsay, Geo. M. Davie, J. S. Pirtle, for appellees.*

[See *Avery v. Meikle,* 81 Ky. 73, 4 Ky. L. 759.]