CASE 12—PRACTICE—APRIL 19, 1884.

# Johnson v. Clem.

### APPEAL FROM BOURBON CIRCUIT COURT.

1. When a party is in possession of his own land and a claimant, aided by others, enters thereon, against the owner's will, and announces his intention to hold possession in violent and abusive language, both entry and holding are forcible, and constitute a breach of the peace.

2. Civil Code, Sec. 601, puts the matter of excluding witnesses from the court-room in the discretion of the Court.

T. N. ALLEN AND Z. GIBBONS FOR APPELLANT.

A forcible entry is a breach of the peace. (2 Bl., book 4, 148; Whart. Com. Law, 428.)

The court erred in overruling appellant's motion to have appellee's witnesses separated. (Civil Code, 601.)

BRECKINRIDGE & SHELBY FOR APPELLEE.

The law was properly given by the court below. (Tribble v. Frame, 7 J J. Mar., 599.)

Sec. 601, Civil Code, is not mandatory.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This is an action for malicious prosecution by Clem against Johnson, the petition containing two counts for distinct offenses. There was a judgment for the plaintiff and an appeal prosecuted to the superior court. The brother of the plaintiff (appellee) had rented of the appellant, Johnson, a part of his land, to be cultivated in wheat on the shares, and had entered into a writing, evidencing the terms of the contract. The wheat was sown in the fall by the plaintiff's brother, and, by the terms of the agreement, he was to cut it when ready for the reaper.

Johnson had an overseer, or tenant, on the farm at the time invested with the power to control the farm and products, and from his testimony and that of John-

Johnson v. Clem.

son's (the appellant) Clem sold out his interest in the crop for a certain mule belonging to Johnson, and in this manner divested himself of all further interest in it.

This the Clems deny, and claim that the contract was never abandoned or the interest of the brother in the wheat crop sold to Johnson, or to any one for him. When the wheat ripened Johnson had gone into the field for the purpose of cutting it, sending his cradles in advance to prepare for the reaper. While this was being done, the appellee and his brother entered the field with their reaper for the purpose of cutting the wheat, claiming that the one renting the land had never surrendered the possession or the right to enter for the purpose of securing the crop. A gun was brought along by the party, the appellee being one of the number, and his brother, when told by Johnson to leave the field, declared his purpose to remain, and using such profane language as evinced a purpose to hold the possession by violence if necessary, and the appellee, according to the testimony of Johnson, sustaining his brother in his right to the possession. It is shown that all the parties knew that the appellant had notified the brother of the appellee not to come into the field, and it is manifest that their purpose was to resist any effort by Johnson to remove them.

The right of entry on the part of Clem and his brother depended on the question as to the rescission of the contract, or the sale of Clem's interest under it.

If the Clems had no longer any interest in the wheat they were not only trespassers, but were guilty of a breach of the peace, from their own testimony.

The court told the jury, in the 9th instruction, that, if the contract had been rescinded, then the entry by Clem, and those with him, constituted a trespass, but that such entry, although illegal, unless forcible or violent, was not a breach of the peace, and a mere refusal to leave when requested, unless accompanied by violent demonstrations, or an assault on defendant, was not a breach of the peace—in other words, that an entry without actual force, although against the will of the owner, with a purpose expressed at the time when obtaining the possession not to surrender, it is not a breach of the peace. Such is not the law. When one is in the possession of his own land, and another, with himself and hands, enters thereon, against the will of the owner, and when requested to leave, by violent and abusive language, announces his purpose to hold the possession, the entry and holding is forcible, and constitutes a breach of the peace, and if W. B. Clem made such an entry on the possession of Johnson, and the appellee, his brother, was with him to aid or assist in the forcible holding of the property, he is equally guilty, and, therefore, instructions E and F asked by the defendant should have been given.

This is based on the theory that the contract had been rescinded, for if it was, the appellant had the possession, and the appellee's own testimony makes out such a state of case as shows his guilt, as well as that of his brother.

There are many other errors assigned, but none prejudicial to the appellant, and, therefore, will not be considered, except the alleged error in refusing the motion of the defendant to exclude the witnesses for

the plaintiff from the court-room, in order that they might not hear the testimony of each other during the progress of the trial.

The Civil Code, section 601, provides "that, if either party requires it, the judge may exclude from the court-room any witness of the adverse party not at the time under examination, so that he may not hear the testimony of other witnesses."

Under this provision of the code, by motions properly made, all the witnesses for either party might be excluded from the court-room, except the witnesses being examined, and if this provision is to be regarded as mandatory, it would produce much inconvenience in the practice and often obstruct the proper administration of justice.

The presence of the litigant himself is often indispensable to the attorney conducting the case, and particularly when examining witnesses introduced by the adverse party, and to exclude all the witnesses would include the litigant himself, if his counsel desired to examine him as a witness.

It will also often occur in the practice that the presence of a witness familiar with the history of the case becomes indispensable by reason of the unavoidable absence of the litigant, and, therefore, the necessity of placing that construction on the statute that must conduce to a just and proper practice by leaving the question as to the exclusion of the witnesses to the exercise of a sound judicial discretion. This, it seems to us, is the meaning of the provision of the code on this subject, and when it provides that, when either party requires it, the judge may exclude from the court-room

any witness, it is a matter addressed to his discretion.

The word *require* means simply the right of the party to make the motion—to ask for the exclusion of the witnesses, and is not a demand that the court is compelled to comply with. The act of separating the witnesses must precede the trial, and when the motion is made, the party making it should not be required to give his reasons for it, nor should the court arbitrarily overrule his motion—it must be the exercise of a judicial discretion. In this case there seems to have been some feeling by reason of the character of the litigation and the circumstances from which it originated, and one sees no reason why the motion should have been overruled, but, on the contrary, it should have been sustained, nor is this in conflict with the case of Walker v. Commonwealth, 8 Bush, or Saulsby v. Commonwealth, 79 Ky.

For these reasons judgment of the lower court is reversed, with directions to award a new trial, and for proceedings consistent with this opinion.