CASE 15.—ACTION BY CATHERINE ELLERHORST AGAINST THE LOUISVILLE RAILWAY COMPANY FOR DAMAGES FOR PERSONAL INJURIES.—May 27.

## Louisville R. Co. v. Ellerhorst

Appeal from Jefferson Circuit Court; (Chancery Branch, Third Division.)

Matt O'Doherty, Circuit Judge.

Judgment for plaintiff, defendant appeals—Affirmed.

1. Damages—Personal Injuries—Pleading—Evidence Admissible. —Where plaintiff alleged that she received certain specified internal injuries, and sustained a shock to her nervous system, from a collision, but did not allege injury to her eyes, evidence as to the condition of her eyes after the injury was admissible, as bearing upon the question of the internal injuries received and the shock to the nervous system, which of necessity must be manifested by outward symptoms.

2. Same.—Such evidence should be excluded from consideration

Louisville R. Co. v. Ellerhorst.

of the jury in fixing damages, as the injury to the eyes was not sued for.

3. Pleading—Matters to be Pleaded—Evidence.—Plaintiff by his pleading in an action for personal injuries should apprise the defendant of the injury for which recovery is sought, but the evidence by which the injury is to be established need not be indicated by the pleading.

4. Evidence—Relevancy—Facts Not in Issue.—A fact, though not in issue, is relevant when it is or probably may have been the cause of a fact in issue or the effect of it.

5. Same — Materialty. — Evidence which conduces, though but slightly, to prove a fact in issue or to repel a presumption which might otherwise arise favorable to the opposite party, is admissible, and in cases of doubt the evidence should not be excluded.

6. Appeal and Error—Presumptions—Conduct of Trial—Refusal of Continuance.—Where an affidavit for continuance in an action for personal injuries on the ground of surprise occasioned by the introduction of evidence as to plaintiff's condition was not incorporated in the transcript on appeal, it would be presumed that the trial court ruled correctly in refusing the continuance, especially where plaintiff's condition was at the time of the introduction of the evidence discoverable by a physician, and the trial court offered to allow a further examination of plaintiff by physicians to ascertain the truth.

GREENE & VAN WINKLE for appellant.

We submit that it was error on the part of the trial court to allow this evidence of a specific injury to the optic nerve and head to be considered by the jury as a basis for recovery in the absence of a specific averment of such injuries or showing that such specific injuries were both the natural and necessary result of a "nervous shock." The object and purpose of a pleading is clearly to apprise the opposite party of the claim which he will be required to meet. And where specific injuries are charged to have been suffered no other specific injury can be proven unless such other specific injuries are the natural and necessary result of some one of the injuries alleged.

### AUTHORITIES CITED.

International & G. N. R. R. Co. v. Thompson, 37 S. W., 24; Campbell & Cook, 86 Tex., 636, 26 S. W., 486; Railway Co. v.

Curry, 64 Tex., 85; M. K. & T. R. R. Co. v. Cook, 27 S. W., 769; Kliener v. Third Ave. R. R. Co., 162 N. Y., 193; Uransky v. D. D. E. B. & S. Ry. Co., 118 N. Y., 304; Gusub v. 23rd St. Ry. Co., 114 N. Y., 411; Ranson v. Met. St. Ry. N. Y. S. 588, 177 N. Y., 578; Geoghegan v. 3rd Ave. R. R. Co., 64 N. Y. S., 630.

W. O. BRADLEY & J. L. RICHARDSON for appellee.

POINTS OF AUTHORITIES.

1. Even if error complained of existed it is harmless and will not warrant reversal.

2. Appellant having failed to rule appellee to plead more specifically and having answered denying all injury, cannot complain. (L. & N. R. R. Co. v. Richmond, 23 Ky. Law Rep., 2394.)

3. The condition of the head and eyes only served to show that appellee had sustained a nervous shock. The condition of the head and eyes were produced by the shock and but for the shock would not have existed. The proof was competent only for that purpose and could not be considered in estimating damages. The action of the court below was entirely proper. (23 Ky. Law Rep. 2394, supra.)

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Catherine Ellerhorst was a passenger on a street car of the Louisville Railway Company going north on Second street. At the corner of Second and Broadway, the car collided violently with an East Broadway car, throwing Mrs. Ellerhorst upon the seat in front of her. She filed this suit to recover for her injuries, and, a verdict and judgment having been entered in her favor in the sum of $2,000, the defendant appeals.

The only ground relied on for reversal is that the court erred in the admission of evidence. The plaintiff alleged in her petition that she was painfully injured by being thrown from the seat which she occupied against the seat opposite her, that she had suffered great bodily pain and mental anguish, and

that she was so injured as to greatly reduce her power to earn money for months to come. In an amended petition she averred that she was thrown violently against the car seat, her abdomen striking it, and was seriously and permanently injured in her bowels and the regions thereof, and suffered a severe nervous shock, from which she has not recovered, and that she had and would have recurrent pains in her bowels and that the regions thereof on account of the injuries. The defendant, without asking that the petition be made more certain, filed an answer controverting its allegations. In a second amended petition she alleged that, in addition to the injuries theretofore alleged, she received a rupture in her right groin. In still another amended petition she alleged that her right ovary was enlarged and tender, her womb retroverted and she had frequent micturition, and that she was permanently injured. This amended petition was taken as controverted of record. During the progress of the action, the court directed a personal examination of the plaintiff by a physician named by the court, and provided in the order that the plaintiff and defendant might both have a physician present during the examination. The examination was made as provided in the order.

On the trial the plaintiff introduced Dr. F. L. Cessna, who was allowed over the objection of the defendant to testify as follows: "Q. Has she any other injury except the lower part of the abdomen for which you have been treating her? A. She has had trouble with her head and nervous system. She is a very nervous woman—very much so. (The defendant objected to the answer on the ground that no specific injury to the head is alleged in the petition, and moved the court to exclude the answer.) By the

Court: It seems to me that the nervous system—he had a right to say if she complains about the nervous system, and, if the condition of the head is only a symptom of that, he would have a right to show it. Yet he cannot undertake to show any specific injury to the head. By the Witness: This nervousness is due to the injury in the abdomen I should think largely. Her nervous system is considerably shattered. She is very nervous indeed. I attribute a great deal of that to this injury that she sustained. Q. State whether or not this suffering in the head is a symptom of the nervous shock that she had sustained. A. That many times would cause trouble to the head. Q. Will you describe the symptom of her suffering in the head? A. She complains of vertigo, or quite a lot of swimming in the head, and pains through the head, especially in the top and back parts. She complains a great deal of her head at times; not continuously; but it is periodical that these troubles occur, it seemed to me she would be better at times, and then she would be worse again. It seemed like her nervous system gave down. She would have these sinking or weak spells—prostration rather.''

She also introduced Dr. Curran Pope, who was allowed to testify as follows: ''I also examined the pupils of both eyes, and the pupil of the right eye moves very little. (The defendant by counsel objected to any evidence concerning the eye.) By Mr. Bradley: I will ask you the question: Did you find anything about the head or eyes indicating a nervous shock? (Objected to by counsel for defendant. Objection overruled. Exception for defendant.) By the Court: If there is any condition of the eyes or head that would be a symptom of nervous shock, it is competent. A. The symptoms I found are absolutely

indicative of nervous shock and nervous disease. (The defendant excepted to the ruling of the court and to the last answer). By the Witness: I found the right pupil would hardly move at all, what we call immobility, and, in looking into the back of the eye, the optic nerve or the nerve of vision shows beginning wasting. (Objected to by counsel for defendant. Objection overruled. Exception for defendant.))''

Dr. Dudley Reynolds was introduced as a witness for her, and testified as follows: ''Q. Did you find anything indicating a nervous shock? A. I did. Q. What was it? A. In the irregularity of the pulse and unnatural throbs of the pulse and of the breathing, and, in the second place, the pupils of the eye are irregular in their contraction on exposure to the light. The pupil of the right eye scarcely moved any at all, and the left one contracted irregularly. The contraction was irregular all round. What we call eccentric .pupillary contraction. This indicates an injury to the base of the brain, disturbing the breathing and disturbing the pulse rate. It is due to an injury of that character, shock to the central nervous system, which is the brain and spinal cord. Q. What will be the probable result of this shock and this injury to the eye? A. It interferes with the steadiness of her movements and with her strength and with her ability to sit quietly and observe new scenes, and a little noise in an unexpected quarter will throw her out of condition. The nervous manifestations would show also in the exaggerated muscular reflexes. Q. You were speaking of the contraction of the eye, etc. What danger, if any, would there be of loss or impairment of the sight? A. There is already impairment of the sight from that cause in the right eye, shrinkage of the optic nerve, which is by some called wasting, but

what I would call atrophy—that has already set in.
(The evidence of this witness as to the injury to the
eye objected to by counsel for defendant on the ground
that there is no allegation of injury to the eye in the
petition or amended petitions. Objection overruled.
Exception for defendant.) By the Court: The record
speaks for itself on that. By the Witness: I have
not said that there was any injury to the eye. By the
Court: I understand your testimony.''

The defendant, after this testimony was admitted,
moved for a continuance on the ground of surprise,
as no injury to the eye was alleged in the petition.
The court overruled the motion, but offered to allow
the defendant to have an expert surgeon and phy-
sician to make further examination of the plaintiff,
which the defendant declined. The court at the con-
clusion of the evidence gave the jury this instruction:
''In estimating the damages to the plaintiff, the jury
are not to consider any specific injury to the head.
or eyes of the plaintiff, and the evidence in relation
thereto should only be considered by the jury to what-
ever extent it may bear on the nervous shock which
the plaintiff claims to have sustained by reason of
the collision.'' It is insisted for the defendant that
the court erred in admitting the evidence referred to,
and that the error was not cured by the instruction
which the court gave. In L. & N. R. R. v. Richmond,
67 S. W. 25, 23 Ky. Law Rep. 2395, the plaintiff was
a passenger on a railroad train, and was injured in
a collision. She alleged in her petition that in the
collision she was greatly injured in her person, that
the muscles of her shoulders were greatly torn and
lacerated, and she was greatly bruised in her person,
especially in her arms and side. On the trial she was
permitted to show, over the objection of the defendant,

Louisville R. Co. v. Ellerhorst.

that her spinal cord and eyes were injured. The court told the jury when the testimony was given that they could not consider any injury to her eyes as an item on which to fix damages, but might consider that fact only to show an injury to the spine. When the case was finally submitted to the jury, the court by a written instruction eliminated any compensation for the injury to the eyes. On appeal to this court the judgment was affirmed. The court said: "The spinal cord might be reasonably expected to be injured on complaint of injury to the back. It is evident that the theory of the court in admitting proof of injury to the eyes, and then excluding that injury from the consideration of the jury in estimating damages, was that it might be shown, reasoning from effect back to cause, that the spinal cord was injured, as was demonstrated by proof of the resultant defect to the eyes shown. There was not claimed a direct injury to the eyes, but this was a resultant injury from the injury to the spinal cord located in the back, of which the appellant's counsel had notice as is shown by the affidavit filed some time before the trial."

In International & Grant Northern Railroad Co. v. Thompson (Tex. Civ. App.) 37 S. W. 24, the plaintiff charged an injury to the spine, and on the trial was allowed to show an impairment of vision as part of the injury. The court instructed the jury that they might consider the injury to the eye in fixing the damages. The judgment was reversed on the ground that the instruction was erroneous, but the opinion in effect holds that the evidence was admissible; at least, it does not hold that the evidence was improperly admitted, and only holds that the instruction was erroneous. In the case of Wilkins v. Nassau Newspaper Co. (Sup.) 90 N. Y. Supp. 678, evidence

was admitted that the plaintiff had locomotor ataxia, and the instructions of the court to the jury were in substance the same as in the Thompson Case. The judgment was reversed for the error in the charge to the jury, and to this the attention of the court was mainly directed. In Chesapeake, etc., R. R. Co. v. Hanner (Ky.) 66 S. W. 375, and L. & N. R. R. Co. v. Roney, 108 S. W. 343, 32 Ky. Law Rep. 1326, the court had before it what the plaintiff might recover for under the allegations of the petition, but that is not the question in this case. The question is what evidence was competent to sustain the allegations of the plaintiff's petition. She alleged in her petition that she was injured in her womb, in her ovaries, in her bowels; that she had had frequent micturition; and that she had sustained a shock to her nervous system. A diseased condition must be manifested by outward symptoms. If the plaintiff had been unable to show any external manifestations of the injuries of which she complains, the jury would reasonably conclude that she was not as badly hurt as she alleged. If she had shown that she had suffered from insomnia since the accident, and had been a healthy woman up to that time, it would have been some evidence of a nervous derangement. A nervous shock often shows itself in the eyes; and, if the plaintiff's eyes had remained normal, it would have been some evidence that the nervous shock was not very serious. Where specific injuries are sued for, any external symptoms which are evidence of the injury may properly be admitted, for it is only by the external symptoms that an internal injury may be judged. As the injury to the eye was not sued for, the court properly excluded it from the consideration of the jury in fixing damages; but, as it furnished some evidence

of the internal injury of which she complains, the proof was properly allowed to go to the jury. The plaintiff should by his pleadings apprise the defendant what injury he seeks to recover for; but the evidence by which he will establish the injury need not be indicated by the pleading. A fact, though not in issue, is relevant when it is or probably may have been the cause of a fact in issue or the effect of it. Stephen on Evidence, art. 9. Evidence which conduces, though but slightly, to prove a fact in issue or to repel a presumption which might otherwise arise favorable to the opposite party, is admissible, and in case of doubt the evidence should not be excluded. Shannon v. Kinney, 1 A. K. Marsh. 3, 10 Am. Dec. 705; Holt v. Crume, Litt. Sel. Cas. 500. The record shows that the defendant filed affidavit on the ground of surprise, but the affidavit is not in the transcript, and we must presume that the court ruled correctly in refusing to continue the case in the absence of the evidence; and, as the testimony related to a condition then discoverable by a physician, we cannot see that the court's offer to allow a further examination of the plaintiff by a physician did not afford the defendant a full opportunity to get the truth before the jury. After declining this offer, the defendant introduced on the trial a physician who had examined her and testified that he could see nothing wrong with her eyes.

Judgment affirmed.