# Park Circuit & Realty Company v. Coulter.

(Decided January 14, 1930.)

2

HITE H. HUFFAKER and JOHN R. MOREMAN for appellant.

ROBERT L. PAGE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Betty Coulter, an infant ten years of age, by her father as next friend, instituted an action against the Park Circuit & Realty Company to recover damages for personal injuries. Her pleading, as amended, rested her cause of action upon the negligence of the defendant in maintaining for the amusement of its patrons an attractive and dangerous device by which injury was brought upon her. She alleged that children and other people were invited to ascend a moving stairway and descend in a sitting position over a sloping series of cylinders which turned under the weight of the body and thus brought the passenger back to the bottom. On plaintiff's

second attempt to negotiate the rolls, her foot was caught by one of the cylinders near the bottom, and she was violently thrown over the side, resulting in a broken arm. There was testimony tending to show that the danger of such accidents could have been avoided by a ratchet control of the cylinders to prevent backward rolling or idling, or by a fillet between the cylinders to close the open spaces so that the feet could not be caught therein. The space between the rolls was an inch or more in width, and the bumping of the person in descending made it difficult to keep the feet elevated. The jury returned a verdict in favor of the plaintiff for $2,000, and the defendant was denied a new trial. It appeals, insisting that error intervened in several particulars which will be considered in the course of the opinion.

1. It is first argued that the court abused its discretion in denying defendant's request for a continuance on the ground that its principal witness was too ill to attend court. The affidavits filed showed that Richard Wood, as manager of Hilarity Hall at Fontaine Ferry Park, was in charge of the device which it was claimed caused the injury to plaintiff; that he was on duty at the time the accident occurred, but knew nothing of it; that he was acquainted with the condition and character of the devices and had made an inspection of the moving stairway and found it in perfect condition and free from any defects; that none of the devices were of a dangerous character, and especially that the rolling stairway was not of a dangerous character; that the rolls in the stairway moved by gravity and that the weight of the person sitting on them and sliding down propelled the cylinders; that it was impossible for any of the rolls to turn in an opposite direction; and that it was impossible for any person to catch his foot in the rolls. The affidavit further stated that some 100,000 people, mostly children between the ages of 7 and 15, rode on the moving stairway in the course of a season without accident or injury, and that no one had been injured on the moving stairway to his knowledge for a period of three years while he had been in charge of the place; that on the day of the accident approximately 2,000 people, mostly children, rode on the stairway; and that there was no injury to any one to his knowledge. The affidavit further disclosed that in addition to the operators of the various devices, adequate attendants were provided to look after the patrons, and that adequate and suitable attendants

4

were provided at the stairway to look after the persons using it. The court permitted the affidavit to be read to the jury, except the statement therein to the effect that the other people using the stairway had not had any accidents or been injured on said stairway within the knowledge of the witness. The defendant introduced only one other witness, J. G. Faas, who was the assistant to the manager. The affidavit stated that Mr. Wood was the manager, but the witness stated that Judge Wilson was the manager. However that may be, Faas had been with the park nine seasons and was assistant manager and his duties consisted in performing anything that came up to be done. As to the amusement devices, it was his duty to see that they were in operation and in proper condition, and he did see after them every day, making inspections and keeping men in charge. He displayed a thorough knowledge of the construction and operation of the devices. None of the other attendants were offered as witnesses. There was really no controversy at the trial as to the construction and operation of the device. A model was constructed and produced before the jury and a photograph of the whole stairway was introduced in evidence. An application for a continuance is addressed to the sound discretion of the court, and its action thereon will not be disturbed unless that discretion is abused. Ordinarily the reading of the affidavit to the jury as the testimony of the absent witness is sufficient to satisfy the requirements of the law. Civil Code of Practice, sec. 315. There may be special circumstances, however, under which a continuance should be granted, and because of which the reading of the affidavit will not suffice. Langdon-Creasy Co. v. Rouse, 139 Ky. 647, 72 S. W. 1113, 24 Ky. Law Rep. 2095, Ann. Cas. 1912B, 292; Cox v. Spears, 181 Ky. 363, 206 S. W. 20; Madisonville, H. & E. R. Co. v. Allen, 152 Ky. 706, 154 S. W. 5; Theodore R. Troendle C. Co. v. Morgan C. C. & Mining Co. (Ky.) 114 S. W. 312; Vincennes Bridge Co. v. Poulos, 228 Ky. 446, 15 S. W. (2d) 271.

An analysis of the cases will show that the circumstances must be extraordinary and of such character that failure to grant a continuance prevented the defendant from having a fair trial. But if the facts may be proven by other witnesses, and the issues are such that the affidavit meets them adequately, a continuance should be denied. Bon Jellico Coal Co. v. Murphy, 161 Ky. 450, 171 S. W. 160. No extraordinary conditions prevailed

in the present case. Mr. Wood was not the only person with knowledge of the device. His affidavit disclosed that there were numerous other persons with equal opportunities for possessing the same general knowledge that he had. Furthermore, his affidavit disclosed that he could have furnished no evidence to meet the admitted fact that the device was not provided with a ratchet control or a fillet to protect the openings between the rollers, and the absence of these attachments from the device was what made its operation dangerous. The other witness displayed ample knowledge of the entire matter. We are not convinced that the court abused its discretion in denying a continuance.

But it is insisted that the court erred in striking certain words from the affidavit for a continuance before it was read to the jury. After stating that 100,000 people rode on the stairway in the course of a season, the affidavit continued, "without accident or injury and that no one has been injured on said moving stairway to his knowledge while he has been in charge of Hilarity Hall during a period of three years." Faas stated that possibly 100,000 people rode on the stairway in the course of a year. He was then asked how many accidents had occurred, to which an objection was sustained, but there was no avowal as to what his answer would have been. The plaintiff had offered no testimony as to any previous accidents. It is not competent, as a general rule, to prove other accidents or injuries from the same or similar cause (Louisville & Nashville R. Co. v. Fox, 11 Bush. 495; Eskridge v. C. N. O. & T. P. R. Co., 89 Ky. 367, 12 S. W. 580, 11 Ky. Law Rep. 557; C. & O. R. Co. v. Riddle, 72 S. W. 22, 24 Ky. Law Rep. 1690) but when it is necessary to show the propensity of an animal (Murray v. Young, 12 Bush, 337), or to establish a custom, or course of conduct (Kentucky Central R. Co. v. Barrow, 89 Ky. 638, 20 S. W. 165, 5 Ky. Law Rep. 518, 6 Ky. Law Rep. 240), or to bring home to the defendant notice of a particular dangerous condition (Georgetown & Dry Ridge Turnpike Co. v. Cannon, 12 Ky. Law Rep. 257; C. & O. R. Co. v. Meyers, 150 Ky. 841, 151 S. W. 19), evidence of other similar occurrences may be admitted. But it is not competent to prove, in an action to recover damages for particular injury, conduct on other occasions remote from the one involved. Stevens v. Potter, 209 Ky. 705, 273 S. W. 470. In the absence of proof of other accidents, the inference would be that

none had occurred, and the exclusion of the statement, whether competent or not, was harmless to appellant. Civil Code of Practice, sec. 756; L. & N. R. Co. v. Rowland, 227 Ky. 841, 14 S. W. (2d) 174. The case of Langdon-Creasy Co. v. Rouse, 139 Ky. 647, 72 S. W. 1113, 24 Ky. Law Rep. 2095, Ann. Cas. 1912B, 292, is not to the contrary. The court in that case, in passing on the sufficiency of an affidavit for a continuance, said that the trial court erred in excluding a portion of the affidavit which included a statement that before purchasing the lamps which had caused the injury the absent witness had acquainted himself with its character, operation, and safety. It was allowed because he was entitled to show the steps he had taken in that regard. The vital differences in the two cases are obvious. The court did not commit prejudicial error in excluding from the affidavit the statement indicated.

2. It is next contended that a verdict should have been directed for the defendant on the ground of a variance between the proof and the averments of negligence. Appellant argues that the case alleged was not proven and that the case proven was not alleged. It correctly states the rule deducible from the authorities that when a pleader undertakes to set forth special acts of negligence, he is bound by the specifications, and may not rely upon any ground of negligence not specified. Illinois Cent. R. Co. v. Cash's Adm'x, 221 Ky. 655, 299 S. W. 590. The pleadings of plaintiff alleged that her injuries were due to defendant's negligence in maintaining in a dangerous condition the device for the use of herself and other children. The dangerous condition of the device was brought about by the absence of protective equipment which would prevent the foot from catching between the rollers, and the proof tended to sustain the allegation. Whilst the plaintiff did not know the exact manner or method by which her foot was caught, she testified that in some way her foot was caught on the rollers, which threw her from the device inflicting the injury upon her. It is sufficient if the proof substantially sustains the allegations of negligence. The allegations are adequate when they are such as to enable a person of ordinary understanding to know what is intended to be relied upon as the basis of liability. Lowe v. Miller, 104 S. W. 257, 31 Ky. Law Rep. 829; Wickliffe v. First Nat. Bank, 184 Ky. 783, 213 S. W. 581; Louisville Ry. Co. v. Ellerhorst, 129 Ky. 142, 110 S. W. 823, 33 Ky.

Law Rep. 605; Home Ins. Co. v. Chowning, 192 Ky. 327, 233 S. W. 731.

3. Another contention advanced is that the evidence failed to show that the device as maintained was dangerous or capable of inflicting injury. The danger in the device, according to plaintiff's theory, consisted in the manner of its construction and operation. The fact that 100,000 people had used it without accident was persuasive evidence of its safety, but if the plaintiff was injured by the device in a manner which could have been prevented by a simple accessory, it could not be said, as a matter of law, that there was no evidence to support the finding of the jury that defendant was negligent in failing to furnish the accessory. There was ample evidence to sustain the allegations of the petition and the verdict of the jury. Appellant in its brief describes the evidence for the plaintiff as exhaustive and detailed. It also admits that ''specific, graphic evidence was introduced by the experts of the plaintiff, who went into great detail in the explanation of their position that the apparatus was dangerous, produced in Court a model of the device, pointed out to the jury those things which they considered dangerous, and one of the experts, an inventor, told of several appliances that would, in his opinion, make the device less dangerous if attached thereto.'' The description is accurate and demonstrates the entire lack of basis for the argument advanced on this feature of the case.

4. It is next complained that an instruction of the court was erroneous in failing to present to the jury whether the device was a dangerous one. It is said that the instructions of the court dealt solely with general acts of negligence, whereas plaintiff's petition alleged specific acts of negligence, and for that reason the instruction was not sufficient. Defendant offered an instruction to the effect that unless the jury believed from the evidence that plaintiff caught her foot between the rolls of the moving stairway because of the defective construction and the careless operation and maintenance thereof and was thereby injured, the law was for the defendant. The court did not give that instruction, but in lieu thereof instructed the jury: ''(1) It was the duty of the defendant, Park Circuit & Realty Company, at the time, place and on the occasion referred to in the evidence, to exercise that degree of care which ordinarily careful, prudent concerns engaged in similar business usually exercise under like or similar circumstances to

those you believe from the evidence are proven in this case, to maintain the device upon which Betty Coulter is said to have ridden, in a reasonably safe condition to prevent injury to persons using, sliding or riding down same, including the plaintiff, Betty Coulter; and if you believe from the evidence that defendant failed in said duty, and that by reason thereof Betty Coulter sustained injury, then the law of this case is for the plaintiff, Betty Coulter, and against the defendant, Park Circuit & Realty Company, and you should so find; but unless you so believe from the evidence, the law is for said defendant and against said plaintiff, and you should so find.''

It is quite clear that the instruction submitted to the jury the specific issues made by the pleadings and evidence and imposed upon the defendant no greater duty than it owed. Dominion Const. Co. v. Williamson, 217 Ky. 62, 288 S. W. 1018; Louisville Ry. Co. v. Esselman, 93 S. W. 50, 29 Ky. Law Rep. 333; L. & N. R. Co. v. Lucas' Adm'r. 98 S. W. 308, 30 Ky. Law Rep. 359. If the device was not maintained in a reasonably safe condition to prevent injury to persons using it in the ordinary way, it was necessarily dangerous, and the form in which the instruction was framed was clear, concise, and accurate. It was not materially different in meaning from the instruction offered by appellant. If that one had been given in the language of the offer, it would have been proper to supplement it with a further one embracing substantially the elements embodied in the instruction given. The criticism of the instruction is without merit.

5. The final insistence is that the court erred in permitting James Coulter, father of the plaintiff, who was acting as her next friend, to testify in the case. When he was called, an objection was interposed because other witnesses had been examined. The court properly overruled the objection. The Code provision (section 606, subsection 3, Civil Code of Practice) that a person shall not testify for himself, in chief, in an ordinary action, after introducing other testimony for himself, in chief, did not apply to the next friend of the plaintiff. Neely v. Strong, 186 Ky. 546, 217 S. W. 898. The infant was the plaintiff and had already testified in the proper order. Even if Coulter had been the real plaintiff, the nature of his testimony, and the character of the evi-

dence which had preceeded his, was such that the court did not abuse its discretion in permitting him to testify. Barkley v. Bradford, 100 Ky. 304, 38 S. W. 432, 18 Ky. Law Rep. 725; Louisville & N. R. Co. v. Lucas' Adm'r, 98 S. W. 308, 30 Ky. Law Rep. 359; Ohio Valley Elec. R. Co. v. Payne, 223 Ky. 197, 3 S. W. (2d) 223.

But appellant argues that the court directed a separation of the witnesses and that Coulter remained in the courtroom while other witnesses were testifying, which made him incompetent as a witness. Martin v. Com., 100 S. W. 872, 30 Ky. Law Rep. 1196. The record does not show whether a separation of the witnesses was required or whether Coulter remained in the courtroom during the trial. It furnishes no basis, therefore, for the argument, and it may not be assumed that the court went beyond the limits of its discretion in the matter. Civil Code of Practice, sec. 601; Johnson v. Clem, 82 Ky. 84; Matthews' Adm'r v. L. & N. R. R. Co., 130 Ky. 551, 113 S. W. 459.

The judgment is affirmed.