Roland PRICE et al., Partners Doing Business as Peem Coal Company, et al.,
Appellants,

v.

Norma Jean BATES, Appellee.

Court of Appeals of Kentucky.

Feb. 6, 1959.

Hinton & May, Pikeville, for appellants.

C. W. Napier, Hazard, for appellee.

STEWART, Judge.

This action arose out of a collision near the town of Whittaker in Letcher County between an automobile driven by Eloise Bates, in which Norma Jean Bates was riding as a guest, and a coal truck owned by Roland Price and Floyd Mercer, a partnership, and operated by Hubert Freeman. Norma Jean Bates recovered judgment in the sum of $11,000 against the two owners and the operator of the truck and they have appealed.

A reversal of the judgment is sought on these grounds: (1) Because the lower court erred in refusing to impanel 21 jurors so that the two sets of separate defendants between whom there was a cross-claim could have three strikes each; (2) because the trial judge admitted incompetent evidence offered by plaintiff; and (3) because "Instruction No. 4" given to the jury in part authorized a recovery for permanent impairment when it is contended the evidence did not justify such a finding.

Appellee, Norma Jean Bates, commenced the litigation now before us by filing an action against appellants, Roland Price, Floyd Mercer and Hubert Freeman, for damages aggregating $50,600 based on injuries allegedly occasioned by the accident. Thereafter upon appellants' motion, Eloise Bates, the driver of the car in which appellee rode as a guest, was made a third-party defendant, and later, by amended complaint, Norma Jean Bates sought the same recovery against her as in her original suit against appellants. Subsequently, Eloise Bates by answer and cross-claim sued appellants for damages totaling $5,480 claimed for personal injuries and for the destruction of her car. In a second amended complaint, appellee increased the amount of her demand against appellants and Eloise Bates $6,400 conditioned upon certain alleged items.

As a result of a jury trial a verdict was rendered only against appellants in favor of Norma Jean Bates for the sum first mentioned and in favor of Eloise Bates for $1,500. No appeal was taken from the judgment entered in behalf of Eloise Bates, so that Norma Jean Bates is the sole appellee in this case.

When this cause came on for trial a panel of 18 jurors was called and, before the oath to answer questions was given, appellants, by their attorney, and Eloise Bates, by her attorney, jointly moved the trial judge to impanel 21 jurors, stating as a reason therefor that there were two separate and distinct sets of defendants, who were antagonistic to each other, and that they, together with plaintiff, Norma Jean Bates, were each entitled to three peremptory challenges, making nine in all, which would require three additional jurors to be called. This joint motion was overruled.

█ It is contended the rejection of appellants' and Eloise Bates' request for an initial panel of 21 jurors constitutes a reversible error. We agree. KRS 29.-290 provides: "Each party litigant in civil actions shall have the right of peremptory challenge to three jurors, in addition to the right to challenge for cause." Eloise Bates, soon after she was made a third-party defendant, filed a cross-claim against her codefendants, appellants herein, bottomed upon the latters' alleged negligence. Upon the happening of this event, the interests of appellants and Eloise Bates as codefendants below became antagonistic, and the trial judge ruled against them to their prejudice when he required them to share three peremptory challenges in the selection of a jury. See Williams v. Whitaker, Ky., 293 S.W.2d 627, a recent case wherein this Court reversed the judgment on the sole ground that the lower court refused to allow the request of each of two defendants who were adversary cross-claimants to have three peremptory challenges. See also Vaughn's Adm'r v. Louisville & N. R. Co., 297 Ky. 309, 179 S.W.2d 441, 152 A.L.R. 1060. Also in view of CR 13.07, which now provides that cross-claims may be adjudicated in the principal action, the ends of justice require that the above provision of law be complied with in cases of the kind before us.

█ Appellee argues the lower court erred in trying the case over her objection before a jury when no demand for a jury trial had been made until appellants moved for this type of trial on the day the case was to be tried. The circuit judge, in overruling appellee's motion to hear the case without a jury, stated, and we believe correctly, that "this is purely and simply a case to be tried by a jury." CR 39.02 fully covers the situation that arose and upholds the ruling of the circuit court on the matter.

█ The next complaint has to do with certain testimony the trial court allowed appellee's counsel to elicit on recross-examination. Appellant, Floyd Mercer, one of the partners, was permitted to be interrogated concerning the number of other traffic accidents in which the partnership's truck driver, Hubert Freeman, also an appellant, had been involved. He was insistently prodded with questions like this: "How many accidents has Hubert had?" "Well, how many has he had, one, two, three, four or five, more or less?" Then this witness was asked how many times this same truck driver had "been cited by the police". When the reply was, "I don't know about it", the witness was interrogated: "Have you ever heard of it?"

As a general rule, evidence of other acts, even of a similar nature, is not competent to prove the commission of a particular act charged, unless the acts are connected in some special way, indicating a relevancy beyond mere similarity. The philosophy behind such a rule is explained in Louisville & N. R. Co. v. Loesch, 215 Ky. 452, 284 S.W. 1097, 1100, 47 A.L.R. 347. That case involved an automobile accident occurring on a toll bridge operated by the railroad and at the trial the plaintiffs there were permitted to introduce evidence of other accidents occurring at the same place. This was held erroneous as there was no evidence that a previous accident had happened at the

same place and under practically similar circumstances and conditions. This Court said: "Accidents may and do happen frequently in unaccountable ways, and the facts and circumstances in any two of them are rarely identical, or approximately so; the facts and circumstances leading up to one accident at the same place as another can rarely furnish any light upon an investigation of what caused the other accident." See also Louisville & N. R. Co. v. Howe, Ky., 243 S.W.2d 905, and Park Circuit & Realty Co. v. Coulter, 233 Ky. 1, 24 S.W.2d 942.

As regards the admissibility of evidence involving previous criminal convictions and proceedings in connection with automobile accidents, 5A Am.Jur., Automobiles and Highway Traffic, Section 947, page 836, has this to say:

"In accidents involving the negligent operations of automobiles, evidence of prior criminal convictions for the same act is generally excluded, either because of the often perfunctory nature of the criminal proceedings in such cases, and the fact that such convictions are frequently uncontested, or because of traditional reasons as to variations in parties, procedures, and the like. A fortiori, evidence of the pendency of a prosecution for reckless driving is irrelevant in an action for damages. In accordance with these principles, the courts have generally refused to permit the cross-examination of a driver in civil actions as to prior arrests or convictions for traffic offenses, on the ground that the introduction of such evidence would lead to a consideration of collateral issues having no bearing on the question of a driver's negligence in the accident under consideration."

We consider the evidence under discussion not only highly incompetent but of such prejudicial nature that, standing alone, it constitutes a sufficient reason for reversal of the judgment in this case. Appellants' counsel interposed an objection to all this testimony but failed to make known the grounds for asking that it be rejected. However, it became unnecessary to specify in this respect because the trial judge made no request that such be done. See CR 46.

The last contention raises the point as to whether the evidence justified the giving of an instruction which would permit the jury to find appellee sustained a permanent disability as a result of the accident and to assess damages accordingly. This issue requires an evaluation of the evidence bearing upon appellee's injuries.

Appellee was around 21 years of age at the time she was involved in the accident. According to the proof, her injuries consisted of a brain concussion which has been accompanied by loss of memory, dizziness, fainting spells and roaring in the ears and head. She also received a severe bruise on the side of her right eye and internal injuries in the cervical and lumbo-sacral portions of the spine. The medical evidence points to the existence of a herniated disc in her lower back region, and this condition, the doctors stated, explains the cause of low-back and right-leg pains about which she has complained since she was hurt. She has also suffered from emotional disturbances characterized by nightmares, frequent crying spells and excessive fatigue.

Appellee's witness, Dr. Curwood R. Hunter, of Cincinnati, Ohio, and appellants' witness, Dr. Harvey Chenault, of Lexington, both of whom are specialists in neurological surgery, testified that in their opinion no permanent impairment would result to appellee, and that, based upon the symptoms manifested by her, she would return to normal health within a year or so. A third doctor, B. F. Wright, a general practitioner in Letcher County, testifying in behalf of appellee, and predicating his diagnosis upon visual observation of appellee and upon her case history as related by her, reached this general conclusion as to the duration of her infirmities: "It is possible

that some of these symptoms (those we have described above) may more or less remain permanent, but my experience has been that most of them clear up in a period of from one to two years."

Since this case is being reversed and will undoubtedly be retried, we are reserving our determination of the question of whether, under the evidence introduced, the lower court properly allowed the jury to find that appellee is permanently injured and to award damages on that basis. It will be recalled the only medical evidence in favor of appellee relating to the continuance of her impairment was that of Dr. Wright who stated that it was "possible" that some of the symptoms arising out of her injuries "may" remain permanent. This type of proof seems to us to lack the direct and positive character required to make it clearly appear that appellee might not fully recover from her injured condition. There is of course appellee's own proof as to the character of suffering she endures that cannot be ignored.

In Consolidated Coach Corporation v. Eckler, 248 Ky. 309, 58 S.W.2d 582, 584, we made this statement on the subject under discussion: "It has been repeatedly held by this court that testimony of professional or expert witnesses to the effect that injuries *might be permanent* or that there is a *possibility of permanency* is not such positive and satisfactory evidence required to take to the jury the question of permanent injury."

However, as previously stated, we are suspending our decision on this issue for the reason that at another trial it may be made plainly evident, through the introduction of other proof, whether or not appellee has been permanently disabled as a result of her injuries. Unquestionably sufficient time will have elapsed to enable some definiteness to be reached as to the true state of her health.

Other points are raised in appellants' brief, chiefly of a procedural nature, which in our opinion will not recur at a retrial of this action, and we conclude it is unnecessary to answer them.

Wherefore, the judgment is reversed and this case is remanded for further proceedings not inconsistent with this opinion.