CINCINNATI, NEW ORLEANS AND TEX-
AS PACIFIC RAILROAD COMPANY,
Appellant,

v.

W. H. ZEDER, d/b/a Lawson Coal Company
et al., Appellees.

Court of Appeals of Kentucky.

Oct. 30, 1959.

**526**

Bradley & Bradley, Georgetown, Ben D. Smith, Somerset, for appellant.

Leonard S. Stephens, George W. Hatfield, Jr., Whitley City, Alexander & Savinell, Steubenville, Ohio, John G. Prather, Somerset, for appellees.

CLAY, Commissioner.

Appellant defendant's freight train struck and damaged a power shovel owned by plaintiff appellee at a railroad crossing. The jury awarded plaintiff $15,000. On this appeal the principal contentions are: (1) the defendant was entitled to a directed verdict, and (2) it was entitled to a new trial because of newly discovered evidence.

The accident happened when the plaintiff's employee was in the process of moving a 33 ton power shovel, propelled by caterpillar tracks, over a country railroad crossing. Another employee was stationed on the tracks a few feet south of the shovel to watch out for trains. According to plaintiff's testimony, the shovel, moving at a speed of two or three miles an hour, stalled on the tracks when one of the treads caught on a rail.

The operator was facing south, the direction from which the train approached. He saw his fellow employee waving him off the track, and attempted to shift gears and move the shovel. He saw the train come into view around a curve about 1,500

feet away, but was unable to back the shovel clear of the track before it was struck. (The operator jumped off and was not injured.)

The plaintiff's claim is based upon the alleged negligence of the defendant in failing to give crossing signals and in maintaining a defective crossing.

Assuming defendant's train failed to give any crossing signals (there was contradictory evidence on this issue), it could not have been a proximate cause of this accident. Both the flagman and the operator of the shovel were aware of the approach of this train before it had reached a point where the statutory signals are required. (50 rods or 825 feet.) Since the purpose of the signals is to give notice of the approach of the train and both of plaintiff's employees had adequate notice, the failure to perform this statutory duty was immaterial. Louisville & N. R. Co. v. Brock's Adm'r, 281 Ky. 240, 135 S.W.2d 898; Louisville & N. R. Co. v. Hyde, Ky., 239 S.W.2d 936; Layman v. Chesapeake & O. Ry. Co., Ky., 266 S.W.2d 111.

There was evidence of a defect in the crossing which consisted of a worn timber next to one of the rails. Jury issues were presented as to whether or not the condition constituted negligence and whether or not the defect was a proximate cause of the accident. Therefore defendant was not entitled to a directed verdict on the ground that there was no evidence of negligence.

Defendant contends it was still entitled to a directed verdict because plaintiff was negligent as a matter of law. There is some plausibility in its argument that in view of the size of this machinery, the slowness of its movement, and the obvious hazard of crossing this track where many daily trains were known to pass, the plaintiff should have ascertained the condition of the crossing and should not have made the attempt if the apparent defect was likely to impede the movement of the

shovel. We cannot find as a matter of law, however, that plaintiff was negligent in attempting to traverse this crossing. See 44 Am.Jur., Railroads, Section 540 (page 790).

Defendant also points out that in failing to notify it of the proposed and rather hazardous operation, and in failing to post a watchman a sufficient distance from the crossing to flag an approaching train, plaintiff exercised no care whatsoever to protect his machinery from the very accident that occurred. While the question is a close one, we believe this question of contributory negligence was likewise for the jury.

 We now come to the question of newly discovered evidence. This consisted of information obtained after the trial that the person having a substantial equity in this shovel by virtue of a conditional sales contract (this person had sought to intervene in this action) had fraudulently conspired to destroy it to collect insurance. Affidavits were filed which tended to establish such a conspiracy and to indicate further that the plaintiff had knowledge of it. When we consider the nature of this accident and the lack of precautions which the plaintiff might have taken to avoid it, it is apparent such newly discovered evidence is most material. The plaintiff attacks its credibility, but since it is not inherently incredible, it could have a persuasive significance on the question of defendant's liability. In view of several unusual circumstances in this case, this evidence if believed is of such a decisive nature as to make it reasonably certain that a different verdict may have been reached by the jury. See Louisville & N. R. Co. v. Hulette, 171 Ky. 500, 188 S.W. 653. The trial court erred in not granting a new trial.

A question of competency of certain evidence has been raised and should be passed upon by us. Defendant attempted to introduce the testimony of one of its station agents to prove a custom of those moving heavy equipment across railroad tracks to advise the railroad company so that additional precautions could be taken. While this testimony tended to show that the defendant was frequently notified of similar movements, it did not establish that such precautions were generally known and recognized in plaintiff's business. The trial court's ruling on this particular evidence was correct, without prejudice to the right of defendant to more fully prove, at another trial, such a custom. See Illinois Central Railroad Co. v. Maxwell, 292 Ky. 660, 167 S.W.2d 841, 842.

Other questions raised will probably not be presented on another trial.

The judgment is reversed with directions to grant defendant a new trial.