Paula SHUMATE, by and through her next friend Charles M. Tackett, et al., Appellants,

v.

DEPARTMENT OF HIGHWAYS, Commonwealth of Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

Jan. 31, 1969.

Arthur L. Brooks, Jr., R. J. Turley, Lexington, Shaman, Winer, Shulman & Ziegler, Dayton, Ohio, for appellants.

John B. Breckrinridge, Atty. Gen., George Akin, Asst. Atty. Gen., Frankfort, Jack K. Giles, Asst. Atty. Gen., Lexington, for appellees.

AFFIRMING

WADDILL, Commissioner.

This is an appeal from a judgment of the Madison Circuit Court affirming an order of the Kentucky Board of Claims which, following a hearing, dismissed the damage claims of the appellants against the Commonwealth of Kentucky, Department of Highways, for allegedly failing to give adequate warning of the termination of an exit ramp and of the allegedly dangerous intersection where this ramp intersects Barnes Mill Road. We consider this appeal under the provisions of KRS 44.150.

On October 16, 1964 the section of Interstate Highway #75, extending from Lexington to Richmond, Kentucky, was open for public travel. Termination of this section of the highway at that time was located in Madison County. An exit ramp leading from this terminal point to Kentucky Highway #876, commonly called the Barnes Mill Road, constituted the leg of the T-intersection which is formed as it joins the Barnes Mill Road. This intersection was the scene of the automobile accident involving the automobile in which appellants were passengers.

On November 21, 1964, Mrs. Bessie Shumate was driving her 1958 Oldsmobile south on Interstate 75, accompanied by her sister, Sallie Lowe, and three children, Sandra, Paula and Vicki. The occupants of this automobile were proceeding from Dayton, Ohio, to Perry County, Kentucky. At approximately 3 a. m. and while Mrs. Shumate was driving her automobile on the exit ramp leading off of Interstate 75 toward the place it intersects with Barnes Mill Road, she apparently lost control of her automobile, failed to stop at the intersection, slid across Barnes Mill Road and crashed into an embankment. No other vehicle was involved in this accident. Pictures of the automobile made after the accident show that it was badly damaged and a state trooper testified that it had skidded 84 feet into an embankment. This physical evidence warranted the Board in drawing the inference that the automobile was traveling at a high rate of speed. Sallie Lowe was killed and the other occupants of the automobile sustained injuries. All filed claims with the Board of Claims against the Commonwealth and the cases were consolidated for the purpose of trial.

The Board of Claims decided that there was no negligence on the part of the Commonwealth in erecting and maintaining signs and warnings of the road conditions

on Interstate 75 and dismissed appellants' claims. It was the board's conclusion that the accident and consequent damages were solely the result of the negligence of Bessie Shumate in the operation of her automobile.

On this appeal it is contended that the board's conclusion was based on undisputed facts and is therefore reviewable since it was erroneous as a matter of law; that the board erred in misconceiving the legal duty imposed upon the Department of Highways, and that the board erred in excluding evidence of other accidents at the place where Bessie Shumate had her collision.

The issue before the Board of Claims was whether the Department of Highways had fulfilled its duty of adequately warning the traveling public of the nature of the involved intersection. Commonwealth Department of Highways v. General and Excess Ins. Co., Ky., 355 S.W.2d 695; Commonwealth Department of Highways v. Higdon, Ky., 383 S.W.2d 331. We find substantial evidence that supports the board's conclusion that the department had performed such duty.

There was uncontradicted evidence that beginning 1500 feet preceding the place of the accident a sign warned the traveling public that it was approaching the end of Interstate 75; about 500 feet farther there was a similar sign; about 250 feet farther another sign; about 50 feet farther another sign, and beginning near that point there were six painted warning barrels, spaced at intervals alongside the shoulder of the road, and thereafter there were some additional signs reading; "By-Pass"; "Exit"; "Stop Ahead"; and finally in the center of the division island approximately ten feet from the intersection was a sign reading "Stop." W. G. Galloway, Director of the Division of Traffic of the Kentucky Department of Highways who qualified as a traffic expert, testified it was his professional opinion that the signs giving notice of the ramp and intersection in question were so designed and erected as to adequately inform and warn a prudent motorist of the nature and conditions of the highway ahead.

■ Under the facts and circumstances, we hold as a matter of law that the Commonwealth had performed its duty in maintaining the highway and ramp in a reasonably safe condition for public travel. The signs and warnings that were enumerated by the Commonwealth's witnesses gave adequate warning of the intersection. Hence, the only conclusion that can be fairly arrived at is that it was solely the negligence of Mrs. Shumate that caused this unfortunate accident. The only explanation that Mrs. Shumate makes concerning her failure to heed the warnings is that she did not see the signs and warnings erected along the highway as her automobile lights were on dim.

■ Appellants' contention that the board erred in rejecting evidence concerning other automobile accidents at the intersection of I-75 and Barnes Mill Road is without merit. The board apparently excluded this evidence, and we think properly so, because of its failure to show sufficient similarity between the accident in this case and accidents occurring at other times, except that they all occurred at the same location. Price v. Bates, Ky., 320 S.W.2d 786. There was no evidence as to whether the other accidents had occurred on a dry or icy road, or whether they were caused by careless driving, drunken driving, or some other reason. We observe, however, that if we had considered the offered evidence about other accidents at this intersection we would still hold as a matter of law that the claimants had failed to establish that the Commonwealth had been derelict in its duty to post adequate warning signs in the face of uncontradicted evidence to the contrary.

The judgment of the circuit court upholding the order of the Board of Claims is affirmed.

All concur.