David Ray BAKER and Jack Baker, Appellants,

v.

James W. HANCOCK; Robert S. Shouse; Fireman's Fund Insurance Company and Kentucky Farm Bureau Insurance Company, Appellees.

No. 88–CA–237–MR.

Court of Appeals of Kentucky.

June 23, 1989.

Brucie Waggener Hooks, Wesley, Simpson & Hooks, Morganfield, for appellants.

William R. Thomas, Madisonville, for appellees.

Before ELSWICK, HAYES and HOWARD, JJ.

HAYES, Judge:

This is a negligence action in which the sole issue is whether the trial court improperly excluded evidence tending to establish the proper standard of care of a driver of a combine vehicle.

David Baker was the driver of a 1980 Grand Prix automobile on November 1, 1985, at approximately 9:00 a.m., when he collided with a 13–foot wide International Harvester Combine owned by James Hancock and driven by Robert Shouse. The road was 18–feet wide, and the collision occurred when Baker topped a hill and was surprised by the combine. Baker sustained injuries causing medical expenses of over $6,000 and was not able to work at his job with West Kentucky Rubber Company for one year. The driver of the combine admitted that the combine occupied over ½ of the roadway and that it was a hazard waiting to happen. In appellees' statement of the facts, which contains no reference to the record as required by CR 76.12(4)(c)(iv), they erroneously state that David Baker consumed one or more beers with his girlfriend shortly before the accident. There is absolutely no evidence of this in the trial transcript.

David Baker and Jack Baker, the owner of the automobile, brought this negligence action against Hancock and Shouse. Kentucky Farm Bureau Insurance Company intervened, as insurer of the automobile. The Bakers thereafter amended their complaint to allege a violation of KRS 189.300, requiring vehicles to be driven on the right side of the highway whenever possible, and a failure by appellees to have a lead truck or other vehicle in front of the combine to warn on-coming vehicles of the width of the combine. Prior to trial the appellees made a motion in limine to exclude any evidence at trial that would infer that they should have provided a lead vehicle. Solely because there was no express statutory requirement mandating such a duty on the part of operators of certain farm equipment, the trial court sustained the motion. Appellants did not request a specific instruction concerning a lead vehicle, but requested that the evidence be permitted as bearing on appellees' overall duty of reasonable care.

It is argued on appeal that the trial court erred in excluding (1) evidence that Shouse sometimes used lead vehicles but failed to do so on that particular day; (2) testimony by a farm hand that he was traveling behind Shouse and was attempting to catch up to the combine and act as a lead vehicle when the accident occurred; (3) testimony from the police officer who completed the accident report that one of the contributing factors to the accident was the failure to have a lead vehicle; (4) the testimony of the Union County Sheriff, Ron Girten, who would have testified that the purpose of providing a lead vehicle for an over-wide load is to warn on-coming traffic that the machinery occupies over 50% of the width of the road. He would also have testified that the safe way to transport such farm machinery is to have such lead vehicle and that many farmers in the county do this as a common practice. In addition to the exclusion of all of this testimony, which was taken on avowel, the appellants were precluded from even posing a question to appellees as to whether a lead vehicle was used that day.

We hold that this exclusion of all of this testimony was error and warrants a new trial. A person driving motorized vehicles on the highway must exercise reasonable and ordinary care, which must be in proportion to the danger to be avoided. The standard must be measured by the circumstances and the situation attending the particular case, and may even require the motorist to give timely warning of his

approach. *Mahan v. Able*, Ky., 251 S.W.2d 994 (1952). The testimony should have been presented to the jury as bearing upon the ultimate question of whether appellees exercised ordinary care. KRS 189.290 requires that "[t]he operator of any vehicle upon a highway shall operate the vehicle in a careful manner, with regard for the safety and convenience of pedestrians and other vehicles upon the highways." In *Commercial Carriers, Inc. v. Small*, 277 Ky. 189, 126 S.W.2d 143 (1939), it was held that a person driving a motor vehicle having a width greater than the ordinary passenger vehicle, even though the width is permitted by statute, must take that fact into consideration as he endeavors to exercise ordinary care in its operation.

■ Evidence of a custom in a trade, business, profession or calling is admissible to prove any material element of a claim. Lawson, *Kentucky Evidence Law Handbook* § 2.25 (2d Ed.1984). In this case, evidence of the custom of farmers in the area is admissible as bearing upon appellees' exercise of ordinary care. *Mahan v. Doggett*, 27 Ky.Law Rep. 103, 84 S.W. 525 (1905). (Where sawdust blew from defendant's sawmill and caused damage to plaintiff's home, evidence of a custom by other sawmills to burn their sawdust ruled admissible to prove negligence). *Cincinnati, N.O. & Texas Pac. R.Co. v. Zeder*, Ky., 328 S.W.2d 525 (1959). (Where defendant's train struck plaintiff's steamshovel while steamshovel was on the railroad crossing, evidence of a custom by heavy equipment transporters to notify railroad when the equipment would be crossing held admissible to prove negligence to plaintiff). This principle is similarly used by federal courts. *Griggs v. Firestone & Rubber Co.*, 513 F.2d 851 (8th Cir.1975).

■ In addition to the improper exclusion of evidence, it was error for the trial court to permit appellees, over objection by appellants, to question him about a subsequent unrelated automobile accident. It is well settled that evidence of a person's tendency to act carefully or carelessly is not admissible to prove that he acted that way on a particular occasion. Lawson, *su-pra* § 2.25. Similarly, evidence of other negligent acts should be excluded when offered to prove negligence on a particular occasion. *Ky–West Va. Gas Co. v. Slone*, Ky., 238 S.W.2d 476 (1951). *Moore v. Bothe*, Ky., 479 S.W.2d 634 (1972). An exception to these rules has been permitted where the "acts are connected in some special way, indicating a relevancy beyond mere similarity in certain particulars." *Massie v. Salmon*, Ky., 277 S.W.2d 49, 51 (1955). *Price v. Bates*, Ky., 320 S.W.2d 786 (1959). Upon retrial, evidence of the subsequent accident shall not be permitted.

Accordingly, the judgment entered January 29, 1988, is reversed and this case is remanded for a new trial.

All concur.